Two questions arose on the trial of this cause in the court below: first, whether the bond declared on was an official bond, and might be sued on by the successors of Threadgill, who, it appears, was chairman of the county court of Anson. On this point, I was of opinion that it was not an office bond, as it was not made payable to Threadgill and his successors in office, but to him and his personal representatives. The anonymous case in Haywood's Reports (2 N.C. p. 144), is not an authority against that opinion, as there the instrument declared on was intended to be an office instrument, and no one but the successor could have sued on it, as the instrument had on its face no words which denoted that it was intended to be an individual covenant. In the present case the bond has such words in it, and the word "successors," which, if inserted, would have made it a good office bond, is omitted. The second question was, whether the delivery of the bond to a stranger, with an intent that it should be delivered by the stranger to the obligee in his official capacity, would nevertheless, upon its delivery, make it a good individual obligation. A deed is good if delivered to a stranger, to the use of the obligee. But if it be delivered to a stranger without any such intention (unless it be delivered as an escrow), it seems this is not a sufficient delivery. (Sheppard's Touchstone, 57, 58; 2 Thomas' Coke, 225, note m.) The case of Fitts v.Green, ante, 291, was relied on for the defendant in the court below, and it had great influence in *Page 314 
determining the case. But upon more mature reflection, I think that it was immaterial in what character the obligee was to take the bond. The question for the jury to determine was whether the obligor (386) delivered the instrument to any person (be that person a stranger or not), with an intent that it should be delivered to the plaintiff. If the intent was that the plaintiff should receive it, and he did thereafter receive it, the bond then was good from its delivery to the stranger. The direction to the jury to inquire whether the obligors intended the instrument should be delivered to the plaintiff, and if they did, whether they intended that it should, after its delivery, operate in law as an office bond, and not as an individual bond, I now think was improper. The jury should have been simply instructed to inquire whether the instrument was placed in the hands of the clerk with an intention by the obligors at the time it was thus delivered that it should be delivered over to the plaintiff. If the jury should find the fact of intention to deliver, and that in pursuance of that intention it was delivered to the plaintiff, then the effect which the law would afterwards give the instrument ought not to have been regarded by them in ascertaining the isolated fact whether or not the obligors intended the plaintiff should have the instrument as their deed. If the obligors intended to deliver the instrument to the plaintiff as their deed, and if it afterwards came to his hands, it then was their deed, notwithstanding their ignorance of the fact that in law it was not an office bond. The obligors are not to be heard to say they were ignorant the law would make it good as an individual bond when it was invalid as an office bond. I think a new trial should be granted.