PEARSON, J.
 

 Is the grantee a necessary party to a bill of sale for slaves, or will the due execution of the deed by the grantor suffice ? This is the first point made in the case sent, and is really too plain to talk about.
 

 2d. “From the form of the instrument, and a blank seal being left, it is obvious that it was intended that the bargainee should execute it as a party, which he failed to doand the inference is, that it was left incomplete, and was therefore void and of no effect.
 

 It is stated in the case sent, that the defendant, before her marriage, and with the consent of her intended husband, executed a deed conveying the slaves to one Wilson, upon certain trusts, and that this deed was duly proven and recorded in Virginia, where the parties resided, and had the property. It is difficult to conceive, how a deed, duly executed, can be nullified
 
 *399
 
 and made void, by tbe fact, that one, who is not a necessary party, omits to sign it, even although the draftsman may have added an extra seal! The case is not at all like that where one signs a bond as surety, and delivers it as an
 
 escrow
 
 to become his deed, provided it is also executed by certain other persons as Co* sure ties.
 

 3d. “ There is no evidence that Wilson ever accepted the .trust, or the title under said deed.”
 

 When one delivers a deed to a third person, in the absence of the grantee, the latter is presumed to accept it; so that, it forthwith becomes a deed, and the legal effect is to pass the property. This presumption may of course be rebutted by proving that the party refused to accept it; but, until he refuses, his assent is presumed, for the purpose of giving effect to the instrument as a deed:
 
 11 ut res magis valeat, quam per eat.”
 

 The plaintiff’s counsel admits this to fee the general rule, but insists it is founded upon the presumption that a deed is for the benefit of the grantee, and that in this case the presumption is rebutted; for, it appears upon the face of the deed, that the grantee is not to be benefitted by it; but, on the contrary, is to be burdened with a trust.
 

 Without stopping to enquire, whether the rule rests upon the ground of a personal benefit to the grantee, or whether it does not lay deeper, and rest on the maxim,
 
 “ ut res valeat,”
 
 &c., the presumption being necessary to give effect to a solemn act of the maker, it is sufficient to say that, in a Court of law, .a trust is not taken notice of. So the legal effect of the deed is to make the grantee the owner of the property; and, taking the plaintiff upon his own ground, there is a presumption of a benefit to the grantee, and nothing to rebut it in this Court, where the question, deed or no deed, is to be decided.
 

 The position taken by the counsel is true to this extent: there is no presumption that one accepts and undertakes the burden of executing a trust; and, if this presumption was necessary, in order to give legal effect to the conveyance, the ¿plaintiff would have some ground to stand on; but this pre
 
 *400
 
 sumption is not necessary; for, as soon as the instrument becomes a deed by the acceptance of delivery, which is presumed, the title passes; and this, in our ease, puts the plaintiff out of Court.
 

 Whether, after the legal title is vested in him, the grantee accepts or refuses to accept the burden of executing the trust, is another question, and one with whieh the plaintiff has no concern. It is, then, for a Court of Equity, in behalf of the
 
 cestui qui trust,
 
 to see that the trust does not fail for the want of a trustee. There is no. error.
 

 Judgment affirmed.