Battle, J.
 

 In the case of
 
 Hall
 
 v.
 
 Harris,
 
 5 Ire. Eq. 303,\ it was said by the Court, that the delivery of a deed “ depends upon the fact that a paper,
 
 signed and sealed,
 
 is,put out of the possession of the maker.” That, we think, is the true test, and if it appear that the ¡grantor, or donor, has 'parted with the possession of the instrument to the grantee or donee, or to any other person for him, the delivery is complete, and the title of the property granted, or given thereby, passes. But it will be otherwise, if the grantor or donor retain any control over the deed; as if he, when he hands it to a third person, request him to keep it and deliver it to the person for whom it is intended,
 
 unless
 
 he shall call for it again. These principles will be found to govern all the cases, beginning/ with
 
 Tate
 
 v.
 
 Tate,
 
 1 Dev. and Bat. Eq. 22, running through
 
 Baldwin
 
 v.
 
 Maultsby,
 
 5 Ire. Rep. 505;
 
 Snider
 
 v.
 
 Lockenour,
 
 2 Ire. Eq. 360;
 
 Ellington
 
 v.
 
 Currie,
 
 5 Ire. Eq. 21;
 
 Roe
 
 v.
 
 Lovick,
 
 8 Ire. Eq. 88;
 
 Gaskill
 
 v.
 
 King,
 
 12 Ire. Rep. 211, and
 
 Newlin
 
 v.
 
 Osborne,
 
 4 Jones’ Rep. 157, down to
 
 Airey
 
 v.
 
 Holmes,
 
 ante, 142. Tried by the above mentioned test, the delivery of the deed, in the present case, must be declared to be complete. The donor handed the paper,
 
 signed a/nd sealed,
 
 to a third person, for the use of the donee, without any reservation whatever, and when it was returned to her, she immediately handed it to another person, for the donee, without the slightest intimation that she was to have any control over it. The delivery, however, was perfect, when the instrument was handed to the first person, and it made no difference whether it was registered before or after the donor’s death. His Honor was right in giving judgment for the plaintiff, and the judgment must be affirmed.
 

 Pee CueiaM, Judgment affirmed.