A. R. SHATTUCK v. THOMAS CAULEY, et al.

*Estoppel in Pais—Bona Fides.*

The owner of land who aids another to obtain a loan by mortgage thereon as the latter's property, and uses language calculated and intended to induce the lender to believe that he has no title to the property, and that the borrower is the owner, is estopped to deny that the borrower is the true owner, the lender having no notice, actual or constructive, that the title is not in the borrower.

CIVIL ACTION, tried before *Starbuck*, *J.*, and a jury, at Spring Term, 1896, of LENOIR Superior Court.  The facts appear in the opinion of Associate Justice MONTGOMERY.  The defendant, Franklin Cauley, appealed.

*Mr. George Rountre*, for plaintiff.

*Messrs. Allen & Dortch,* for defendant, F. Cauley (appellant).

MONTGOMERY, J.: This action was brought to subject the land described in the complaint to sale for the purpose of having the proceeds applied to the payment of a debt due to the plaintiff and secured by a deed of trust executed by Thomas Cauley and his wife, two of the defendants, on the 3rd day of May, 1890, and registered duly in the office of the Register of Deeds of Lenoir county. The defendant, Franklin Cauley, brother of the defendant Thomas, upon the trial set up title to the property, and resisted the plaintiff's claim to have the property sold for the payment of the debt of Thomas. The jury found that at the time of the execution of the deed of trust the defendant Franklin was the owner of the land; but in response to the second issue submitted to them, to-wit, "Is the defendant, Franklin Cauley, by his conduct prior to the execution of the deed of trust to the plaintiff Shattuck, estopped as to said plaintiff to deny that Thomas Cauley was the owner of the land at the time the deed of trust was executed? Their answer was "Yes." The defendant requested the court to instruct the jury that there was no evidence to support a finding in favor of the plaintiff on the second issue, and that they be instructed to answer that issue "No." Upon his Honor's refusal to so charge the defendants noted an exception. It was alleged in the complaint and admitted on the trial that the defendant, Franklin, had conveyed the land to Thomas by deed in 1872, and that the deed was registered in that year and *was on record* in Lenoir county when this action was tried. Upon the trial there was testimony tending to show that before and at the time the plaintiff loaned the money to Thomas, and

took the security therefor by way of the deed of trust, the plaintiff had examined the records of Lenoir county thoroughly to see the nature of the title of Thomas to the land ; that he found no deed from any one to Franklin, and no deed indicating that the land belonged to any one but Thomas. In addition, Thomas Cauley, a witness for plaintiff, testified as follows : " I am a defendant in this action. I was in possession of the land 21 or 22 years. I rented it out one year before I moved on it. I was holding the land under a deed from Franklin Cauley. I sold it as administrator of my brother, who was killed in the war, to make assets to pay his debts, and got Franklin Cauley to buy it in for me, and I made a deed for it to him as administrator, and he deeded it back to me in 1872, and I was holding under this deed. [This deed was put in evidence.] I gave in the land for taxation as mine, and paid the taxes on it. Franklin Cauley never gave it in nor paid taxes on it. I was turned out of possession by the court under the judgment in the action brought by Franklin Cauley against me. Franklin Cauley was never in possession of the lands until said judgment. Franklin Cauley went with me to Mr. A. J. Loftin's office when I went to borrow money from the plaintiff Mortgage Company. I told Mr. Loftin how much money I wanted. He (Loftin) demanded to know how much the land was worth. He said he would let me have one-third of the value of the land. Franklin Cauley knew what I was doing and helped me, in the presence of Mr. Loftin and in his office, to value the land. He (Franklin Cauley) said the land was worth $1,200 ; that he would be willing to give that much for it if he had the money. I never paid any rent for the lands to Franklin Cauley, and he never exercised any ownership over the land."

We are of the opinion that his Honor committed no

error in refusing to give the instruction asked by the defendants as to the second issue.    The defendant Franklin was estopped by his conduct just prior to and at the time of the loan of money on the land by the plaintiff to Thomas.    He claimed, on the trial, title to the land by a deed from Thomas to himself, dated and registered in 1875, and that the book in which the deed was registered was burned in 1879, and the jury found that he was the owner of the land under that deed.    But, according to the testimony of Thomas, he not only allowed, in his presence, Thomas to borrow the money of the plaintiff and to execute to the plaintiff the deed of trust upon the land to secure the loan, but he actually aided him in procuring the loan ; he valued the property, and said to the plaintiff that he would be willing to give $1,200 for the land, if he had the money.    By this conduct the defendant Franklin not only aided and assisted Thomas to make the loan, but he deliberately and willfully used language that was calculated and must have been intended to make the plaintiff believe that he had no title to the property, and that his brother Thomas was the owner of it.    The plaintiff had no notice of the deed from Thomas to Franklin, either actual or constructive.    Franklin and the justice of the peace who wrote the deed were probably the only persons who knew of its execution, and so far as the testimony shows they were the only persons who knew of it.    It is true that Franklin testified that the agent of the plaintiffs knew of the destroyed deed, but the agent denied it.    The principles of law applicable here were announced by this Court in the cases of *Mason* v. *Williams,* 66 N. C., 564, and *Morris* v. *Herndon,* 113 N. C., 236.

The other defendants, Rouse and Mitchell, moved for judgment upon the verdict, upon the ground that they

(mortgage creditors of Franklin, by deed of a subsequent date to the deed of trust from Thomas to the plaintiff) were not bound by the estoppel against Franklin; but the exception to his Honor's ruling was abandoned in this Court.

No Error.