LILLY E. ROBBINS v. A. S. RASCOE et al.

*Deed—Delivery—Cancellation of Deed.*

1. When the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or any direction to hold it for him, and without in some way reserving the right to repossess it, the delivery is complete and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery; hence,

2. Where a donor signed and sealed a deed of gift and delivered it to a deputy of the Superior Court Clerk with instructions to have it proved by the subscribing witness before the Clerk, who was then absent, and to have it registered, and shortly after, and before probate, the maker took the deed from the deputy, saying he had changed his mind about the delivery owing to some displeasing conduct of the grantee; *Held*, that the delivery was complete on delivery to the deputy, notwithstanding the fact that the grantee knew nothing of the deed until after its recall.

CIVIL ACTION tried before *Robinson, J.*, and a jury at Fall Term, 1896, of BERTIE Superior Court. The action was instituted by the plaintiff, as the alleged grantee of Thomas Gilliam, to have the defendants declared trustees of and to convey certain lands to the plaintiff for life, with remainder in fee to her children, according to the limitations in a deed alleged to have been made and delivered by said Gilliam, and subsequently destroyed. The facts appear in the opinion of the Court. From a judgment for the plaintiff the defendants appealed.

*Messrs. Martin & Peebles*, for plaintiff.
*Mr. Francis D. Winston*, for defendants (appellants).

FAIRCLOTH, C. J : The natural father of the plaintiff executed a deed *signed and sealed* conveying property to the plaintiff, and "delivered said deed to the deputy clerk of the Superior Court of Bertie County, with instructions to have the same proved by the subscribing witness before the clerk of said court, who at the time was absent from his office, and to have the same duly registered," and sometime thereafter, before any probate was had, without plaintiff's knowledge or consent, the grantor took the deed from the deputy clerk and carried it away from the office, stating that he had changed his mind about the delivery of the same, and after his death his executor destroyed the deed.

Plaintiff knew nothing of the deed or of its recall. The court held that the delivery was complete, and the title passed. Exception and appeal. This is the only question in the case, the defendant denying that there had been a delivery.

Upon principle and the authorities, we must affirm the judgment. The principle is that when the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or any direction to hold it for him, and without in some way reserving the right to repossess it, the delivery is complete, and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery.

In *Threadgill* v. *Jennings*, 14 N. C., 384, it is stated that "A deed is good if delivered to a stranger to the use of the obligee" and "at the time it was thus delivered."

In *Tate* v. *Tate*, 21 N. C., 26, David Tate executed a deed of bargain and sale conveying land to his infant children, and delivered the deed to their uncle, Hugh Tate, in whose possession it remained until his death, when the bargainor went to the widow of Hugh Tate and obtained the deed before it was registered, and canceled it by tearing off his signature, and that of the witness, and he, David Tate, conveyed the same property to another. The delivery of the deed was upheld, the court saying, "Where the maker of a deed parts from the possession of it to any body, there is a presumption that it was delivered as a deed for the benefit of the grantee, and it is for the maker to show that it was on condition, as *an escrow*. Such a delivery to a third person is good, and the deed presently operates, and infants may assent to such a deed to themselves, and their assent is presumed until the contrary appears"—citing several English cases.

In *Kirk* v. *Turner*, 16 N. C., 14, Henderson, J., says: "A delivery of a deed is in fact its tradition from the maker to the person to whom it is made, or to some person for his use; * * * for his acceptance is presumed until the contrary is shown. It being for his interest, the presumption is, not that he *will accept*, but that he *does*."

In *Morrow* v. *Alexander*, 24 N. C., 388, a father residing in South Carolina signed and sealed a deed to his daughter residing in North Carolina, and delivered it in South Carolina to his son to be given to his daughter; held by this court that the delivery to his son was complete, and the title passed. *Gaskill* v. *King*, 34 N. C., 211, sustains and cites *Tate* v. *Tate*, *supra*.

In *McLean* v. *Nelson*, 46 N. C., 396, the court says: "When one delivers a deed to a third person in the absence of the grantee, the latter is presumed to accept it, so that it forthwith becomes a deed, and the legal effect is to pass the property. This presumption may, of course, be rebutted by proving that the party refused to accept it; but until he refuses, his assent is presumed for the purpose of giving effect to the instrument as a deed. " *Ut res magis valeat quam pereat.*"

In *Philips* v. *Houston*, 50 N. C., 302, the donor *signed and sealed* the deed and delivered it to Holland, the witness, "and requested him to take it to the courthouse and have it recorded," which was not done until after the donor's death; it was held that the delivery to the first person (Holland), was perfect, and it made no difference whether it was registered before or after the donor's death, the court saying: "In the case of *Hall* v. *Harris*, 40 N. C., 303, it was said by the court that the delivery of a deed depends upon the fact that a paper *signed and sealed* is put out of the possession of the maker. That, we think, is the true test and, if it appear that the grantor or donor has

parted with the possession of the instrument to the grantee or donee, or to any other person for him, the delivery is complete, and the title of the property granted or given thereby, passes.    But it will be otherwise if the grantor or donor retains any control over the deed: as if he, when he hands it to a third person, requests him to keep it and deliver it to the person for whom it is intended, *unless* he shall call for it again.    These principles will be found to govern all the cases, beginning with *Tate* v. *Tate*, 21 N. C., 22—and then a large number of North Carolina cases are cited.

This principle has governed this court to the present time. *Helms* v. *Austin*, 116 N. C., 751; *Frank* v. *Heiner*, 111 N. C., 74.

The case of *Adams* v. *Adams*, 21 Wall., 185, is well argued by the court, and the same conclusion arrived at. It is there stated upon the ancient authorities that if A execute a deed to B and deliver it to C, though he does not say to the use of B, yet it is a good delivery to B if he accepts of it, and it shall be intended that C took the deed for him as his servant—that it is conclusive unless there be clear and decisive proof that he never parted, nor intended to part, with the possession of the deed.    There are some decisions in the States holding otherwise, but they are not in harmony with the higher and better authorities.    *Parmalee* v. *Simpson*, 5 Wallace, 81, was a controversy between a grantee and mortgagee, and was decided in conformity to the laws of Nebraska.    *Howkes* v. *Pike*, 105 Mass., 560, is a decision to the contrary, but the annotator of 4 Kent's Com., calls attention to this case as out of line with the better decisions.

In *Hedge* v. *Drew*, 12 Pick., 141 (Mass.), the grantor left the deed with the register to be recorded, his daughter being the grantee.    The deed was dated October 2, 1823,

and was recorded October 3, 1823. An attachment was levied on the same property on October 4, 1823. The court held unanimously that the delivery was equivalent to an actual delivery to the grantee personally.

In the case before us, that the grantor intended a delivery and that the title should pass at the time he put the deed in the hands of the deputy clerk, with instructions to have it probated and registered, is manifest from his statement, when he took the deed from the deputy clerk, saying, "that he had changed his mind about the delivery of the same, owing to some conduct of the plaintiff that displeased him."

Affirmed.

CLARK, J.: dissenting. It is elementary law that a deed is a "written instrument, signed, sealed and delivered," and that the delivery is as essential as the signing and sealing. There are cases which hold that registration raises a presumption of acceptance by the grantee; 1 Devlin on Deeds, sec. 392, and cases cited, all of which hold that such presumption can be rebutted by evidence. There are cases where a deed is delivered to a party for the benefit of infant children, in which case, as they cannot accept, the law presumes acceptance, *Ellington* v. *Currie*, 40 N. C., 21; *Gregory* v. *Walker*, 38 Ala., 26, and also cases where a deed has been delivered to a third person to be registered at the grantor's death, in which event its recall by the grantor being impossible, a delivery is presumed. But the doctrine of constructive delivery has been extended no further, and there is no case applying it to the facts of the present action, and many to the contrary. Here, the deed, which was a deed of gift, was not delivered to the grantee, nor to her agent, nor even to anyone to deliver it to her; it was not accepted by her, nor was its existence then known

to her, nor till after its revocation by the grantor. It was not even registered, and hence there is not the presumption of acceptance or delivery. The grantor gave it to a messenger, the deputy clerk, who was to have the clerk probate it, and was then to hand it to the register, who was to record it, but before it got into the hands of the register, indeed before it was probated, the grantor changed his mind and took back the deed. Here, certainly, there was no delivery, and no presumption of delivery. In *Parmilee* v. *Simpson*, 5 Wallace, 81, the United States Supreme Court held that though the deed is delivered to the register and recorded, this is not a delivery if the grantee is ignorant of the existence of the deed, as this rebuts the presumption of acceptance raised by the rgistration, an acceptance being necessary to constitute delivery. In *Banks* v. *Webster*, 44 N. H., 264, 268, it is said "that the mere sending of a deed to the registry for record is not a delivery, is well settled," citing *Barnes* v. *Hatch*, 3 N. H., 304; *Maynard* v. *Maynard*, 10 Mass., 456; *Samson* v. *Thornton*, 3 Metc., 281 (S. C., 37 Am. Dec. 135); *Oxmard* v. *Blake*, 45 Me., 602; 4 Kent Com., 455, 456; "Even though the deed was executed and sent to the register in consequence of a previous agreement that this should be done, if the grantee did not know of its being sent," *Jackson* v. *Phipps*, 12 Johns, 418; "The acceptance is essential to a delivery," *Jackson* v. *Dunlap*, 1 Johns., 114; *Jackson* v. *Richards*, 6 Conn., 816. It is true that the registration raises a presumption of acceptance, and that the subsequent acceptance of a deed registered without the knowledge of the grantee is sufficient, *Thayer* v. *Stark*, 6 Cush., 11, unless in the meantime the rights of third persons have accrued, as by an attachment against the grantor or registration of a deed to another, *Harrison* v. *Philips Academy*, 12 Mass., 461; *Jackson* v.

*Rowland*, 6 Wend., 666, but the assent must be made before the grantor revokes his intention to convey, *Canning* v. *Pinkham*, 1 N. H., 357.

In *Hawkes* v. *Pike*, 105 Mass., 561, the grantor gave the deed to the register to be recorded, without the grantee's knowledge; the next day the grantor called, the deed being then partially recorded, and asked to recall it; the register refused till he had completed the recording, and then handed the deed back: It was held that no title passed. To same purport, that even a registration of a deed, if without the grantee's assent, is not a delivery, see 1 Devlin on Deeds, sec. 290, and numerous cases there cited.

It must be recalled that, here, there was no registration, hence no subsequent assent which could turn it into a delivery, and no presumption of delivery. If there had been such presumption, it would have been rebutted by the admission that the grantee had no knowledge of the deed till after its recall. Indeed, the deed was not only not delivered and not registered, but it did not even get into the hands of the register and was never in a condition to be registered, since it was recalled by the grantor before it was probated. It was given to a subordinate to hand to the clerk to probate, and then to be carried to the register, but recalled before there was any probate by the clerk, or any delivery to the grantee, or any acceptance or even kowledge on her part, or any registration which could have raised even a presumption of delivery. There is no precedent which will make it a valid deed in this absence, alike of probate, of delivery, of acceptance and of registration.

This case differs from *Phillips* v. *Houston*, 50 N. C., 302, and other cases cited in the opinion of the court, in that, here, the deed was not delivered to any one to hold for the grantee. It was delivered to the deputy clerk who

was the agent of the grantor, not of the grantee, since his duty was to have it probated for the grantor, and was then to convey it to the register. At no time was it in the hands of any one for the use of the grantee, or who was directed by the grantor or authorized to deliver it to the grantee.

While the execution was still incomplete for lack of delivery to the grantee, or to any one for her, the grantor revoked what he had done and refused to perfect the execution and recalled the inchoate instrument.