GUTHRIE FRANCIS, ADOLPH B. FRANCIS, AND R. C. FRANCIS v. J. S. MANN, J. H. HEATH, AGENT OF ROANOKE RAILROAD AND LUMBER COMPANY, AND ROANOKE RAILROAD AND LUMBER COMPANY.

(Filed 19 September, 1934.)

**Estoppel C b—Owners held estopped to claim title to land as against purchaser by their written authorization of grantee to sell.**

Where the owners of land subject to the dower right of their mother authorize their mother to sell the land by letters written her to this effect, and in reliance on the letters she sells the land, and the purchaser, also relying upon the letters, purchases same and pays the purchase price to her in good faith, the owners of the land are estopped to claim title to the land as against the purchaser, although their letters were insufficient in law to convey title to their mother.

APPEAL by Guthrie and Adolph B. Francis, from *Devin, J.,* at May Term, 1934, of HYDE. No error.

The controversy is indicated by the issues submitted to the jury and their answers thereto, which are as follows: "(1) Are the plaintiffs,

Guthrie Francis and Adolph Francis, entitled to any part of the fund derived from the sale of timber on the lands described in the complaint, said funds so derived being now in hands of the clerk? A. 'No.' (2) Is the plaintiff, Rudolph C. Francis, entitled to one-third of the funds derived from sale of said timber? A. 'Yes.' "

The court below rendered judgment in accordance with the verdict. The plaintiffs, Guthrie and Adolph B. Francis, made numerous exceptions and assignments of error and appealed to the Supreme Court.

*George T. Davis for plaintiffs.*
*No counsel for defendants.*

PER CURIAM. Guthrie, Adolph B. and Rudolph C. Francis owned a one-third interest in a certain tract of land in Hyde County, North Carolina, containing about 50 acres, and known as Tract No. 507 on the Mattamuskeet map, subject to the dower interest of their mother, Mrs. Affie Francis. The controversy is over the sale of certain timber cut off the land and the one-third sum, $124.00, was placed in the hands of the clerk of the Superior Court of Hyde County, North Carolina, to abide the result of who was the owner of the land. The defendant J. S. Mann introduced two letters from Guthrie and Adolph B. Francis to their mother, Mrs. Affie Francis, and a paper-writing from her, contracting and conveying to said defendant Mann and another the land, also reciting the receipt of the consideration of $100.00, and the further recital that she was the "authorized agent" of her sons. The defendant Mann testified that when Mrs. Francis signed the paper-writing he paid her $100.00. At the time of the trial Mrs. Francis was dead. The letters introduced and purported to be written by Guthrie and Adolph B. Francis to their mother, under which defendant Mann claimed she was their "authorized agent," were admitted by Guthrie and Adolph B. Francis to have been written by them. It was contended by the plaintiffs, appellants, that the letters did not give their mother authority to sell the land. We think that the language in the letters which were in answer to ones written by her to them in regard to the land, is sufficiently clear to give the authority to their mother to sell the land. She and the defendant Mann so understood it and the defendant Mann paid the money and she received it under the authority contained in the letters.

The court below charged the jury, in part, as follows: "While this paper of Mrs. Francis would not convey the legal title of these plaintiffs, and while her authority to convey it was not under seal, where a person by his actions and conduct in writing induces another party to rely upon it, he would thereafter be estopped in equity the claim upon it.

"Mr. Mann testifies that Mrs. Francis signed that paper voluntarily and attached the letters from her sons, giving her authority to convey. Induced thereby, he paid her the sum of $100.00.

"Therefore, the court charges you, if you find facts to be as testified that these plaintiffs who wrote these letters expressing willingness for her to sell it and Mr. Mann relied upon that and was induced thereby to pay money received, these plaintiffs cannot go back now and claim land and money too.

"That while it would not have the effect of passing title in equity, they would be estopped."

We think under the facts and circumstances of this case, the charge of the court below was correct. We have examined with care the numerous exceptions and assignments of error made by the appealing plaintiffs. We do not think any of them can be sustained. We see on the whole record no prejudicial or reversible error.

No error.