LEE EARL McARTHUR, BY HIS NEXT FRIEND, ALEX McARTHUR v. FRANCES T. STANFIELD AND WILLIAM W. STANFIELD, JR., BY HIS NEXT FRIEND, MYRES TILGHMAN.

(Filed 3 May, 1961.)

**Appeal and Error § 19—**

    An assignment of error should present the asserted error without the necessity of going beyond the assignment itself.

APPEAL by defendants from *Hooks, Special Judge,* January Term, 1961, of HARNETT.

Personal injury action growing out of a collision on September 27, 1959, about 3:45 p.m., between a bicycle on which plaintiff was riding and a family purpose 1958 Oldsmobile Station Wagon owned by defendant Frances T. Stanfield and operated by her minor son, defendant William W. Stanfield, Jr. Plaintiff was then eleven years old. Stanfield, Jr., was sixteen.

The station wagon was proceeding west on a paved (18-foot) rural road. The McArthur residence is on the south side, and the Jernigan residence is on the north side, of said road. The McArthur yard is directly across the road from the private road or driveway to the Jernigan residence. The McArthur residence is 35-40 feet south of the paved portion of the road. The Jernigan residence is some one hundred yards north of the paved portion of the road. Ten children (no evidence as to age) were in the yard in front of the McArthur

residence. They were attending a party in honor of plaintiff's eleventh birthday.

Plaintiff had gone to the Jernigan residence. On his way back, plaintiff proceeded south on the Jernigan driveway, crossed the road and was in his own yard at the time of the collision.

Plaintiff's evidence tended to show: Plaintiff stopped when he reached the paved road and looked both ways. To his left, he saw a station wagon "right around by the curve . . . about a block away." He proceeded across the road. He was in his own yard when struck by the station wagon.

Defendants' evidence tended to show: Stanfield, Jr., then rounding a curve about 100 yards from the Jernigan driveway, saw plaintiff on his bicycle near the Jernigan front porch. Nothing obstructed plaintiff's view of the approaching station wagon. Stanfield, Jr., saw plaintiff come down the Jernigan driveway and assumed he would stop. When Stanfield, Jr., was 100-110 feet from the Jernigan driveway, he saw plaintiff "wasn't going to stop." He slammed on his brakes and cut to his left in an effort to avoid striking plaintiff. In doing so, he went completely off the paved portion of the road and into plaintiff's yard. Plaintiff ran into the right side of the station wagon as it was coming to a stop. Plaintiff did not slow down or stop before he went out onto the road.

Uncontradicted evidence tended to show the collision occurred in the McArthur yard, some 10-15 feet south of the paved portion of the road. There was conflicting evidence as to the speed of the station wagon. According to the investigating State Highway Patrolman, there were skid marks extending 88 feet to the point where the station wagon stopped in the McArthur yard, of which approximately 65 feet were on the "hard surfaced portion of the road."

Issues of negligence, contributory negligence and damages, raised by the pleadings, were submitted. The jury answered the issues in favor of plaintiff, awarding damages in the amount of $7,500.00.

Judgment for plaintiff, in accordance with the verdict, was entered. Defendants excepted and appealed.

*Wilson & Bain and Bryan & Bryan for plaintiff, appellee.*

*Robert B. Morgan and Charlie L. Dean, Jr., for defendants, appellants.*

Per Curiam. The evidence was amply sufficient to support a verdict in plaintiff's favor on the issues raised and submitted. Indeed, this was conceded by defendants' counsel on oral argument.

In an assignment of error, "(a)lways the very error relied upon

should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Allen v. Allen,* 244 N.C. 446, 450, 94 S.E. 2d 325; *Steelman v. Benfield,* 228 N.C. 651, 653, 46 S.E. 2d 829, and cases cited. Many of defendants' assignments of error are defective in that they do not point out in what respect defendants consider erroneous the court's rulings or instructions. Notwithstanding these deficiencies, each of defendants' exceptions has been carefully considered. Suffice to say, we find no error of law deemed sufficiently prejudicial to warrant a new trial.

No error.