THE NORTH ASHEBORO-CENTRAL FALLS SANITARY DISTRICT, PETITIONER v. R. L. CANOY AND WIFE, MYRTLE CANOY, DEFENDANTS (RESPONDENTS.)

(Filed 3 May, 1961.)

**Appeal and Error § 19—**

An assignment of error should present the asserted error without the necessity of going beyond the assignment itself.

APPEAL by petitioner from *Preyer, J.,* November Term, 1960, of RANDOLPH.

Condemnation proceeding in which the sole issue is the amount of damages, if any, respondents are entitled to recover from petitioner for the easements taken by petitioner under G.S. 130-130.

In a trial at November Term, 1959, the jury awarded damages in the amount of $5,000.00. Upon appeal by petitioner, this Court awarded a new trial. *Sanitary District v. Canoy,* 252 N.C. 749, 114 S.E. 2d 577, where the purpose and nature of the easements taken by petitioner are set forth.

Upon (second) trial at November Term, 1960, the jury awarded damages in the amount of $6,535.00, plus interest of $555.50, a total of $7,090.50.

Judgment was entered defining with particularity the easements acquired by petitioner, providing that respondents recover of petitioner the sum of $5,000.00 plus interest thereon from June 26, 1959, the date of the taking of the easements by petitioner, and taxing petitioner with costs. (Respondents agreed to remit the portion of the damages awarded in excess of the amount for which they obtained judgment.)

Petitioner appealed, assigning errors.

*H. Wade Yates for petitioner, appellant.*
*Ottway Burton and Linwood T. Peoples for respondents, appellees.*

STATE *v.* LOWE.

PER CURIAM. In an assignment of error, "(a)lways the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Allen v. Allen,* 244 N.C. 446, 450, 94 S.E. 2d 325; *Steelman v. Benfield,* 228 N.C. 651, 653, 46 S.E. 2d 829, and cases cited. Many of petitioner's assignments of error are defective in that they do not point out in what respect petitioner considers erroneous the court's rulings or instructions. Notwithstanding these deficiencies, each of petitioners' exceptions has been carefully considered. Suffice to say, we find no error of law deemed sufficiently prejudicial to warrant a new trial.

No error.