MYRTLE JONES v. MAGGIE BEATRICE OVERMAN SAUNDERS
AND HUSBAND, BRYAN SAUNDERS.

(Filed 2 May 1962.)

**1. Appeal and Error § 19—**

Assignments of error should disclose the errors relied on without the necessity of going beyond the assignments themselves.

**2. Deeds § 7—**

The registration of a deed, even though done after the death of grantor, creates a rebuttable presumption that it was signed, sealed, and delivered by the grantor, and where the deed reserves a life estate in the grantor, such presumption is not rebutted by evidence that, after its execution, grantor listed and paid taxes on the land, and that, the deed not having been recorded, easement was obtained for a power line from the grantor, and that after grantor's death, grantee, the daughter of grantor, made statements that she did not know "how things were," and handed a sealed envelope to her sister saying, "here is what papa left for you," there being no evidence that the statements had reference to the deed.

APPEAL by plaintiff from *Walker, S.J.,* September 1961 Term of RANDOLPH.

This is a civil action to have a deed set aside and declared void for non-delivery.

The complaint in pertinent part alleges in substance: Plaintiff and *feme* defendant are daughters of C. S. Overman who died 28 February 1957. On 6 March 1957, after Overman's death, *feme* defendant caused to be recorded in the public registry of Randolph County a deed from Overman to her, dated 26 March 1947, reciting a consideration of $500 and purporting to convey Overman's homeplace situate in Columbia Township, Randolph County, containing 65 acres. The deed had never been delivered but was found by *feme* defendant after her father died.

Defendants, answering, admit the kinship of the parties and the recordation and contents of the deed, but deny the other material allegations of the complaint.

At the close of plaintiff's evidence the court allowed defendants' motion for nonsuit, and entered judgment dismissing the action.

Plaintiff appeals.

*Ottway Burton and Linwood T. Peoples for plaintiff.*
*Coltrane & Gavin for defendants.*

PER CURIAM. This case was here at the Spring Term 1961. *Jones v. Saunders,* 254 N.C. 644, 119 S.E. 2d 789. In the former record there was considerably more evidence both of delivery and non-delivery of the deed than appears in the present record.

The assignments of error based on the exclusion of testimony do not properly present the questions involved. They do not comply with the requirements of Rules 19(3) and 21 of the Rules of Practice in the Supreme Court. 254 N.C. 797, 803. They are insufficient to present the errors relied upon without the necessity of going beyond the assignments themselves to learn what the questions are. *Lowie & Co. v. Atkins*, 245 N.C. 98, 95 S.E. 2d 271; *Armstrong v. Howard*, 244 N.C. 598, 94 S.E. 2d 594; 1 Strong: N. C. Index, Appeal and Error, s. 19, p. 90.

The evidence tends to show: *Feme* defendant lived with her father at the homeplace until 1951 when they moved elsewhere; her mother had died in 1941 and her father did not remarry. She and her father lived together at other locations until his death. They lived with plaintiff at Ramseur from 1951 to 1956. *Feme* defendant married male defendant in 1955, and in 1956 she and her father moved to the home provided by her husband. Plaintiff married in 1921 and left the homeplace and did not live there any more. The deed in question was executed and acknowledged by the father on 26 March 1947 while he was living at the homeplace. The deed purported to reserve to the grantor a life estate. It was recorded after grantor's death. Shortly after grantor's death *feme* defendant handed plaintiff an envelope and said, "Here is what papa left for you." Thereafter, she said to plaintiff, "Maggie, you may think I know how things were fixed, but God in heaven knows I didn't know a thing about it." There was never any mention of the deed. The father had granted to Randolph Electric Membership Corporation an easement in 1949, and listed the property for taxes in his own name each year until he died.

We think the court was correct in granting nonsuit. The probate and registration of a deed gives rise to the rebuttable presumption that it was signed, sealed and delivered by the grantor. This is true even if the deed is registered after the death of the grantor. *Cannon v. Blair*, 229 N.C. 606, 50 S.E. 2d 732. Nowhere in the evidence, including that which was excluded, is there any specific reference to the deed, other than the admission of the deed itself in evidence. The purported statements of *feme* defendant are so indefinite as to leave in the realm of conjecture the subject of conversation. The listing of taxes by one who supposes he has reserved a life estate is not inconsistent with prior delivery of a deed for the remainder interest. Since the deed in question was not of record, it is not strange that the Membership Corporation obtained its easement from the one with *record* title. Plaintiff's evidence was insufficient for submission to the jury on the issue of non-delivery.

No error.