JOSEPH KLEINFELDT v.
SHONEY'S OF CHARLOTTE, INC., A CORPORATION.

(Filed 17 October 1962.)

1. **Appeal and Error § 19—**

An assignment of error must present within itself the alleged error complained of, and an assignment of error and an exception to a numbered finding of the court, without disclosing the nature of such finding, is insufficient.

2. **Process § 4; Judgments § 19—**

. Affidavits of two persons are sufficient to support the finding of the

court that no copy of the summons was delivered to or served upon defendant.

**3. Judgments § 19—**

　　Where there is no service or waiver of service of summons, a judgment rendered in the action is void for want of jurisdiction, and may be set aside upon motion without a showing of a meritorious defense notwithstanding that such judgment is by default for want of an answer.

**4. Appeal and Error § 49—**

　　Where the findings of fact support the conclusions of law and the conclusions of law support the judgment, the judgment must be affirmed, no error appearing on the face of the record.

APPEAL by plaintiff from *Pittman, S. J.,* 4 June 1962 Special Civil B Term of MECKLENBURG.

Civil action to recover damages for personal injuries and damage to an automobile allegedly caused by the negligence of the defendant — heard upon a motion by defendant to set aside a judgment by default and inquiry against it.

Judge Pittman heard the motion upon affidavits offered by the parties. He made the following findings of fact:

One. The action was commenced on 12 March 1962 in the superior court of Mecklenburg County by issuance of summons directed to the sheriff of the county.

Two. On 13 March 1962 a copy of the complaint was delivered to Paul Gocke, assistant manager of a restaurant operated by defendant on Morehead Street in the city of Charlotte.

Three. The pages of the complaint were composed of white carbon copies of the pages of the original complaint and were fastened together, but through inadvertence a copy of the summons in the case was not attached to the copy of the complaint when it was delivered to Paul Gocke.

Four. Paul Gocke a day or two later delivered all the papers which had been given to him to W. Terry Young, manager of defendant's restaurant.

Five. No copy of the summons in the case was delivered to or served upon defendant prior to the entry of the judgment by default and inquiry against it.

Six. In Mecklenburg County copies of summonses are printed on yellow colored forms. None of the papers delivered to Paul Gocke were printed on yellow colored forms.

Based upon his findings of fact, Judge Pittman made the following conclusions:

One. The affidavits of Paul Gocke and of W. Terry Young corroborating the affidavit of Paul Gocke, from which the court found the

facts, are clear and unequivocal.

Two. There has never been valid service of process on defendant.

Three. The judgment by default and inquiry against defendant is void for want of service of process upon defendant.

Whereupon, Judge Pittman ordered and decreed that the judgment by default and inquiry entered in the action on 16 April 1962 be, and it hereby is, vacated, and that the action be dismissed for want of legal service of process on defendant.

From this order, plaintiff appeals.

*Bradley, Gebhardt, DeLaney & Millette by S. M. Millette for plaintiff appellant.*

*Carpenter, Webb & Golding by William B. Webb for defendant appellee.*

PER CURIAM. Plaintiff's second assignment of error reads: "Assignment of error No. 2: The Court's finding of facts. Exception No. 2." When we refer to the preceding page of the record, we find a grouping of exceptions, and exception No. 2 is to the court's finding of fact No. 4, without stating what finding of fact No. 4 is. This assignment of error is not sufficient in form to present the alleged errors relied on, for the reason that we have repeatedly held that Rules 19 (3) and 21, Rules of Practice in the Supreme Court, 254 N.C. 783 *et seq.*, require an assignment of error to state clearly and intelligently what question is intended to be presented without the necessity of the Court going beyond the assignment of error itself "on a voyage of discovery" through the record to find the asserted error and the precise question involved. These rules are mandatory, and will be enforced. *Greene v. Dishman,* 202 N.C. 811, 164 S.E. 342; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Allen v. Allen,* 244 N.C. 446, 94 S.E. 2d 325; *Tillis v. Cotton Mills,* 244 N.C. 587, 94 S.E. 2d 600; *Armstrong v. Howard,* 244 N.C. 598, 94 S.E. 2d 594; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294; *McArthur v. Stanfield,* 254 N.C. 627, 119 S.E. 2d 467; *Sanitary District v. Canoy,* 254 N.C. 630, 119 S.E. 2d. 448; *S. v. Reel,* 254 N.C. 778, 119 S.E. 2d 876; *S. v. Burton,* 256 N.C. 464, 124 S.E. 2d 108; *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Jones v. Saunders,* 257 N.C. 118, 125 S.E. 2d 350. It will readily be perceived that the above assignment of error falls short of the requirements of our rules. Nevertheless, we have examined the affidavits of Paul Gocke and W. Terry Young and the evidence, and they show that the evidence contrary to the officer's return on the original summons consists of more than a single contra-

dictory affidavit (the contradictory affidavit of Paul Gocke), and is clear and unequivocal to the effect that when a copy of the complaint was delivered to Gocke, assistant manager of a restaurant operated by defendant in the city of Charlotte, by a deputy sheriff, copy of the original summons was not delivered to Gocke and was not attached to the copy of the complaint. Judge Pittman's findings of fact are supported by the required amount of competent evidence, *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239. Plaintiff's second assignment of error is overruled.

Plaintiff's third assignment of error reads: "Assignment of Error No. 3: The Court's Conclusion of Law. Exception No. 3." This assignment of error is overruled.

Service of summons, unless waived, is a jurisdictional requirement. *Dunn v. Wilson,* 210 N.C. 493, 187 S.E. 2d 802; *Stancill v. Gay,* 92 N.C. 462. A meritorious defense is not essential or relevant on a motion to set aside a default judgment for want of jurisdiction by reason of want of service of summons. *Harrington v. Rice, supra.* Judge Pittman having found as a fact there was no service of summons on defendant, and there being no evidence or contention of a waiver of service by defendant, it follows that the judgment by default and inquiry was void, and Judge Pittman's conclusions are correct. *Dunn v. Wilson, supra; Harrington v. Rice, supra; Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248.

Plaintiff's first assignment of error is to the order, and is overruled. The findings of facts support the conclusions, and the conclusions support the judgment, and no error of law appears on the face of the record proper. *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486.

Defendant adopted the correct procedure of a motion in the case. *Harrington v. Rice, supra.*

The order below is

Affirmed.