ELIZABETH HARRIS v. RAYMOND STEELE, LOIS STEELE, GLENDA PIERCE, JEAN MILES AND LOIS STEELE, GUARDIAN AD LITEM FOR BRUCE STEELE

No. 7823DC1082

(Filed 18 September 1979)

**Estoppel § 1; Deeds § 12— deed to husband—subsequent deed to husband and wife —no land conveyed—no estoppel**

Where a grantor conveyed property in fee to a husband, a subsequent deed to the husband and wife did not convey any interest in the property to the grantees, as the grantor did not own any title or interest in the property at the time; furthermore, plaintiff, who claimed title by a conveyance from the wife, could not rely upon estoppel since the husband and wife acted together to procure the execution of the subsequent deed, no right of estoppel arose between husband and wife, and plaintiff's rights were the same as and no greater than those of the wife.

APPEAL by defendants from *Davis, Judge.* Judgment entered 28 August 1978 in District Court, WILKES County. Heard in the Court of Appeals 27 August 1979.

Plaintiff seeks a declaratory judgment determining the rights of the parties to certain real property in Wilkes County. Plaintiff alleges the property was conveyed by Myrtle Steele Mitchell, widow, to Ivey Steele on 2 January 1945, the deed being recorded in Book 218, page 623, Office of the Register of Deeds, Wilkes County. Ivey was then married to Carrie Steele. On 23 January 1957, Myrtle Steele Mitchell conveyed the property to Ivey Steele and wife, Carrie Steele, deed being recorded in Book 393, page 395, Wilkes County Registry. Ivey died intestate prior to the commencement of this action and was survived by his wife, Carrie Steele, three children, Evelyn Steele Taylor, Charles R. Steele, Raymond Steele, and the lineal issue of Ivey Steele, Jr. Evelyn

Steele Taylor and Charles R. Steele have conveyed any interest they had in the property to plaintiff.

Ivey Steele, Jr., who predeceased his father, died intestate, survived by his wife, Lois Steele, and four children: Floyd Steele (who has conveyed to plaintiff any interest he had in the property), Glenda Pierce, Jean Miles, and Bruce Steele.

Plaintiff contends Carrie Steele acquired complete title to the property by right of survivorship under the deed to Ivey Steele and wife, Carrie Steele, recorded in Book 393, page 395. Carrie Steele conveyed the property to plaintiff after the death of Ivey Steele, but the record does not contain this deed or the date of its recordation.

Defendants answered, denying plaintiff's title to the property, and alleging that Myrtle Steele Mitchell had no interest in the property to convey when she executed the second deed in 1957. There had been no reconveyance to her after the 1945 deed. Defendants admit that at the death of Ivey Steele, Carrie Steele owned a one-third undivided interest in the property and that each of Ivey Steele's children owned a one-sixth interest.

Both plaintiff and defendants filed motions for summary judgment. Plaintiff introduced affidavits tending to show that Carrie Steele and her husband intended to hold the property as tenants by the entirety and that when it was discovered in 1957 that Carrie's name was not on the deed, her husband, Ivey Steele, arranged for a lawyer to prepare another deed and got Myrtle Steele Mitchell to execute it. Myrtle Steele Mitchell's affidavit states Carrie's name was left off the deed by mistake and the second deed was executed at the instance of Ivey Steele in an effort to correct it.

Defendants moved to amend their answer to allege the defense of the three years statute of limitations. N.C. Gen. Stat. 1-52(9). The record does not disclose any ruling by the trial court on this motion.

The court denied defendants' motion for summary judgment and granted plaintiff's motion for summary judgment, adjudicating plaintiff the sole owner of the property.

*McElwee, Hall, McElwee & Cannon, by William H. McElwee III, for plaintiff appellee.*

*Vannoy, Moore and Colvard, by Michael E. Helms and J. Gary Vannoy, for defendant appellants.*

MARTIN (Harry C.), Judge.

We hold the trial court erred in granting plaintiff's motion for summary judgment and in denying defendants' motion. Plaintiff alleges she acquired the disputed property by a deed from Carrie Steele, executed after the death of Ivey Steele. Defendants deny this in their answer. However, in their brief they state as a part of the facts that "Carrie Steele conveyed the subject property, in fee, to Respondent-Appellee."

Therefore, it appears that whatever interest plaintiff acquired in the disputed property from Carrie depends upon the interest Carrie owned when she made the conveyance to plaintiff. This requires us to determine what interests passed under the 1945 and 1957 deeds. By executing and delivering the deed 2 January 1945, Myrtle Steele Mitchell conveyed to Ivey Steele all of her interest in the disputed property. This deed is not a part of the record and there are no allegations or evidence that it contained any conditions that would reserve to the grantor any interest in the property. Upon due execution and delivery without reservation of the deed to the grantee, title to real property passes between the parties. *Phillips v. Houston*, 50 N.C. 302 (1858). The registration of the deed in the Wilkes County Register of Deeds' office created a rebuttable presumption that it was signed, sealed and delivered by the grantor. *Jones v. Saunders*, 257 N.C. 118, 125 S.E. 2d 350 (1962).

The execution and recording of the second deed to the property 23 January 1957 did not convey any interest in the property to the grantees, as the grantor did not own any title or interest in the property at that time.

Plaintiff relies in her brief upon estoppel, contending that because Ivey Steele procured the execution of the 1957 deed, he and those in privity with him are barred from attacking the validity of the deed. *Hayes v. Ricard*, 244 N.C. 313, 93 S.E. 2d 540 (1956).

Is the plea of estoppel good? The law answers in the negative.

It is true that an estoppel can arise where *A* allows *B* to convey *A*'s property to a bona fide purchaser for value without notice. *Francis v. Mann*, 207 N.C. 84, 175 S.E. 696 (1934); *Shattuck v. Cauley*, 119 N.C. 292, 25 S.E. 872 (1896). Plaintiff contends the acts of Ivey Steele in procuring the execution of the 1957 deed created an estoppel under the holdings of *Francis* and *Shattuck*. We do not agree. Plaintiff overlooks the participation by Carrie Steele in securing the execution of the 1957 deed and her knowledge concerning both the 1945 and 1957 deeds. Carrie stated in her affidavit that she and Ivey purchased the property from Myrtle Steele Mitchell; there was a mistake in leaving her name off the deed and when this was discovered the parties agreed that a new deed be drafted showing Carrie as a grantee and that this was done in 1957; that it was always their intention that the property be held as tenants by the entirety.

Plaintiff attempts to create and rely upon an estoppel based, at least in part, upon the acts of Carrie Steele, her predecessor in title. Ivey, with the knowledge and encouragement of Carrie, persuaded Myrtle Steele Mitchell to execute a deed purporting to convey property, owned by Ivey, to Carrie and Ivey jointly. Neither Carrie nor Ivey Steele was a bona fide purchaser for value without notice in 1957. Where Carrie and Ivey Steele acted together to procure the execution of the 1957 deed, no right of estoppel arose between Carrie and Ivey Steele. With respect to the plea of estoppel, plaintiff's rights are the same as and no greater than those of Carrie. One cannot by his own act create an estoppel in his favor. The party asserting the estoppel must show on his part lack of knowledge and the means of knowledge as to the truth of the facts in question, reliance upon the conduct of the party sought to be estopped and action based thereon to his prejudice. *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1967); *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745 (1955); *Trust Co. v. Casualty Co.*, 237 N.C. 591, 75 S.E. 2d 651 (1953).

The 1957 deed was void, as nothing passed by the deed. *Scott v. Battle*, 85 N.C. 184 (1881). A deed having no validity cannot be made the basis of an estoppel. *Cruthis v. Steele*, 259 N.C. 701, 131 S.E. 2d 344 (1963); *Buford v. Mochy*, 224 N.C. 235, 29 S.E. 2d 729 (1944); 5 Strong's N.C. Index 3d, Estoppel § 1.1.

We hold defendants are not estopped to deny the validity of the 1957 deed, and they may rely on the 1945 deed.

It thus appears by the undisputed evidence that in 1945 Ivey Steele acquired the title in fee to the property in question and that he died seized of the same. Upon the death of Ivey Steele intestate, the property passed to his widow, Carrie, his three surviving children, and the lineal issue of Ivey Steele, Jr.

There is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

The summary judgment for plaintiff is reversed and vacated. The order denying defendants' motion for summary judgment is reversed. The case is remanded to the district court for entry of partial summary judgment in favor of defendants, adjudging that upon the death of Ivey Steele, Sr. intestate, the disputed property descended to the following:

Carrie Steele, widow of Ivey Steele, Sr., a one-third interest;

Evelyn Steele Taylor, daughter of Ivey Steele, Sr., a one-sixth interest;

Charles R. Steele, son of Ivey Steele, Sr., a one-sixth interest;

Raymond Steele, son of Ivey Steele, Sr., a one-sixth interest;

The lineal issue of Ivey Steele, Jr., son of Ivey Steele, Sr., who predeceased his father, a one-sixth interest.

The record before us does not contain sufficient facts for this Court to determine the present ownership of the property. Therefore the district court shall conduct such further proceedings as may be appropriate to determine that question.

Chief Judge MORRIS and Judge PARKER concur.