Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner except as modified as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. Plaintiff was a contractor in this case and not an employee.
2. Plaintiff's average weekly wage was $356.38, which yields a compensation rate of $245.57 per week.
3. Plaintiff suffered an injury by accident on December 31, 1993 when he fell off of a roof resulting in an injury to his left wrist.
4. Plaintiff is claiming temporary total disability benefits from December 31, 1993 through April 5, 1994, a twenty percent (20%) permanent partial impairment rating to his hand, and medical expenses. The defendant has been granted additional time to have plaintiff undergo an independent medical evaluation if he chooses to do so.
5. The issues to be determined by the Commission are (1) who was the owner of the property in question, and (2) was plaintiff a contractor or subcontractor making plaintiff subject to N.C. Gen. Stat. § 97-19.
* * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission adopts in part and modifies in part the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff entered into a contract with the defendant to roof a house being built on Lot #4 of the Bradford Park subdivision in Concord. Plaintiff had a conversation with William (Bill) Whitley, III, one of the partners with defendant, concerning the terms and conditions of plaintiff's work on this project. The conversation occurred on or about December 16, 1993. Plaintiff and Bill Whitley agreed that plaintiff would perform the job of placing the roof on the lot in the subdivision and that plaintiff would be paid $28.00 per square for roofing the house in question. There was no written contract between plaintiff and defendant, however, plaintiff was paid for his work by defendant, Whitley and Company/Real Estate.
2. Plaintiff was self-employed as a roofer and had been a roofer for approximately sixteen (16) to seventeen (17) years. Plaintiff started working on the house in question on approximately December 29, 1993. Plaintiff hired Ray McMillian and James Scott to help him roof the house.
3. On December 31, 1993, plaintiff fell from the roof and sustained a broken left wrist. Plaintiff was treated at the University Hospital Emergency Room on December 31, 1993. Thereafter, he came under the care of Dr. John Gaul. Dr. Gaul performed surgery on plaintiff's left wrist.
4. Plaintiff introduced a deed showing that Lot #4 in the Bradford subdivision was purchased by William Whitley, III, on October 22, 1993. William Whitley, III testified that he got a loan to buy the house through a bank loan made to him individually. Plaintiff also introduced a building permit for the house in question issued to Whitley and Company Real Estate. This building permit was displayed at the job site in question.
5. William Whitley, III, thought about residing in said house but he never lived in the house and the house remained vacant until it was sold. Whitley and Company Real Estate build houses for sale. William Whitley, III's name appeared on the deed. William Whitley, III, testified that the house would be placed in his name so that only one of the partners would have to attend the closing and that once the house was sold, the profit was split between John Whitley and him. This explanation is not accepted as credible in light of the evidence herein.
6. The Owner and Contractor are different entities. Whitley and Co./Real Estate and William Whitley, III are not the same entity. One is a partnership, the other is an individual.
7. As a result of his work-related injury, plaintiff was incapable of earning any wages in any employment from December 31, 1993 through April 5, 1994 and has been assigned a permanent partial impairment rating of 20% of the left hand by Dr. John S. Gaul, III, his treating physician.
* * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The instrument of conveyance of interest in real property in North Carolina is a Deed. Upon due execution and delivery without reservation of Deed to a Grantee, title to the real property stated in the Deed passes between the parties. Harrisv. Steele, 43 N.C. App. 44 258 S.E.2d 363 (N.C.App. 1979). If that Deed contains a covenant of warranty or assurance, then the Grantee enjoys the estate conveyed by that warranty. Frittsv. Gerukos, 273 N.C. 116, 159 S.E.2d 536 (1968).
2. In North Carolina, a Deed is presumed to be valid, and "the burden rests upon those asserting invalidity of the Deed to establish that it is in fact not what it purports to be".Stokes v. Smith, 246 N.C. 694, 100 S.E.2d 85, 88 (1957).
3. Whitley Company/Real Estate was the general contractor for William Whitley, III. The finding of Mayhew v. Howell,102 N.C. App. 269, 401 S.E.2d 831, affirmed 408 S.E.2d 853 (1991), was that the owner and builder were one and the same entity, to wit: Ryan Homes, Inc. Id. at 833. Since the builder was the owner of the home in Mayhew, the builder could not be the contractor. Id. In the instant case, the owner is an individual and the builder is a partnership. The fact that the individual happens to be one of the partners is irrelevant. It is fundamental law that an individual is a different entity than a partnership, and that an individual partner is different than the partnership.
4. Whitley Company/Real Estate was the general contractor. N.C. Gen. Stat. § 87-14 requires a party making application for a building permit for the construction of any building or structure in excess of $30,000.00 to "furnish satisfactory proof to such inspector or authority that he or another person contracting to superintend or manage construction is duly licensed under the terms of this article to carry out or superintend the same. . . ." Whitley Company/Real Estate was the entity that obtained the permit and is required to supply satisfactory evidence of its licensure as the general contractor.
5. N.C. Gen. Stat. § 97-19 states that any principle contractor, immediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by a workers' compensation insurance carrier, or a certificate of compliance issued by the Department of Insurance to the self-insured subcontractor, stating that such subcontractor has complied with N.C. Gen. Stat. § 97-93
hereof, shall be liable, irrespective of whether such subcontractor has regularly in service fewer than three (3) employees in the same business within this state. Since the defendant in this case did not obtain such certificate, it is liable for the injury that occurred on December 31, 1993.
6. Plaintiff was temporarily totally disabled from December 31, 1993 through April 5, 1994, and is entitled to benefits at the rate of $245.57 per week. N.C. Gen. Stat. § 97-29.
7. A determination of the issue of permanent partial disability shall be reserved for a period of 30 days to allow completion of an independent medical examination as requested by defendants.
8. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enter the following
AWARD
1. Defendants shall pay temporary total disability to plaintiff at the rate of $245.57 per week from December 31, 1993 through April 5, 1994. This compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. Defendants shall arrange for plaintiff to have an independent medical examination within 30 days. Thereafter, if the parties can stipulate to an impairment rating, an agreement for payment of compensation shall be submitted on a Form 26 to the Industrial Commission. If the parties cannot agree on an impairment rating, the Full Commission will decide this issue based upon the record including the results of the IME. If no independent medical examination is arranged within the next thirty (30) days, the twenty percent (20%) impairment rating issued by plaintiff's treating physician will be entered in this case.
4. Defendants shall pay the costs due the Commission.
* * * * * * * *
ORDER
In the discretion of the Full Commission, IT IS HEREBY ORDERED that plaintiff's motion to the Full Commission for attorney's fees is hereby DENIED.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ COY M. VANCE COMMISSIONER
BSB:md