PearsoN, J.
 

 The counsel for the defendant, Mr. Troy, was under the impression that he could use the answer as evidence, notwithstanding
 
 replication
 
 had been taken. In this he was mistaken. An answer puts at issue the allegations to which it responds, so as to require more than one witness to prove them. If replication is not taken, every fact set out in (he answer is admitted, for the reason, that no issue being made, the defendant has no opportunity of proving the new matter which he alleges. But by a replication, the plaintiff takes issue upon all new matter alleged in the answer, and the defendant is put to his proof. .
 

 The case was made to depend upon the sufficiency of the bill; and Mr. Strange, the counsel for the plaintiff, was, in his turn, called upon to support the proposition that a bill to enforce the collection of a bond need not contain an allegation of a consideration
 
 f
 
 either good or valuable. ■ For the Bill before us does not allege any consideration, but avers simply that the defendant executed to the plaintiff a bond for $250, one day after date, &c., and avoids
 
 on purpose
 
 saying, how or why, or under what circumstances the bond was given1; and asks a decree for its payment, on the ground that it is lost or destroyed.
 

 
 *201
 
 A Court of Equity never interferes except when the thing is done and a right is vested, so as to entitle the party to have the right protected unless there be a valuable consideration:
 
 i. e.,
 
 when the one party has been benefited or the other has suffered a loss, for these are the only cases which affect conscience. Exceptions are made under peculiar circumstances, when there is a natural, or as it. is termed a good consideration, and in a few instances of meritorious consideration. But these exceptions prove the general rule. To affect the conscience and entitle a party to the aid of a Court of Equity, there must be an allegation of a consideration. If I give a man a horse, or give him money, the thing is done, and the right of property is vested. But if I promise to give him a horse or to pay him money, and afterwards see proper not to do so, this is no matter which affects conscience rmless there be a consideration. It is in the language of the civil law,
 
 nudumpctctum
 
 — a
 
 naked
 
 promise. Mr. Strange conceded, the general rule, and assumed the position, that while in law a
 
 seal
 
 imports a valuable consideration which is conclusive in equity, a seal only raises a presumption of a valuable consideration, which may be rebutted. And from thence he inferred that when it is set out in the bill, (as in the one under consideration,) that the note is under seal, the presumption of a valuable consideration makes an express averment of the fact unnecessary. The expression that “ in law, a seal imports a valuable consideration,” -which is a very common one, is accurate, provided the meaning is properly understood ; which is, a seal gives to an instrument the same validity at law as if there was a consideration. It amounts to, and dispenses, with the necessity of the proof of a valuable consideration, because by the rules of the common law, every one is conclusively bound by the solemn act of sealing and delivering a writing
 
 as his deed.
 
 He is thereby estopped, and shall not be heard to say that it did not create a legal obligation. If one seals and delivers a deed of gift of a horse, or a note under seal for the payment of a sum of money, expressing in the face of the writing, that it is not for any valuable or good consideration, but simply on account of friendship, the property passes, and the money may be collected in an action of debt, because a consideration is not necessary to the validity of a deed at common law.
 
 Walker
 
 v. Walker, 13 Ire. 335.
 

 
 *202
 
 The idea that a seal imports, that is, raises a presumption of the payment of a valuable consideration in a Court of Equity, is not supported by a single case, and it would have been strange if such a case could be found, for the idea is wholly fallacious. A Court of Equit3r addresses itself to the conscience of the parties, and of course pays no respects to foyms, and disregards even the solemn act of sealing and delivering, and looks behind all forms to see if there be a consideration binding the conscience of the parties. What tendency has the mere fact of a seal to prove the payment of a valuable consideration'? The inference of the payment of a valuable consideration can be drawn with as much force of reasoning from the fact of the writing, or of the signing, or of the delivery of the paper, as from the fact of its being sealed. But, in truth, neither act. raises a presumption of the payment of a valuable consideration, without which a Court of Equity, except under very peculiar circumstances, never interferes, but leaves the party to such relief as can be obtained at law.
 

 Mr. Strange then insisted that «the contract was in the present case
 
 executed
 
 and the right vested, so that the plaintiff was entitled to the protection of this Court, without reference to the consideration ; and he suggested this case : — One agrees to give his note under seal for $250, payable in six months, as the price of a horse, which is then delivered to him. The contract, says he, is executed — each party Has done all that be agreed to do. That is true, and it would make no sort of difference whether the price of the horse was secured by a note with a seal or without a
 
 seal;
 
 for the first contract is executed, and the vendor has taken a note of the vendee for the payment of the price at a future day. In other words, there is a
 
 second executory
 
 contract. It is not necessary to pursue the idea any further. Suffice it to say, the supposed case has no application. For here, it is only alleged that the defendant executed to the plaintiff a note under seal for $250, and we declare our opinion to be, that a Court of Equity will not aid one who does not allege, and hold himself ready to prove that the note in reference to which he seeks aid, (although it may be under seal,) was given for a consideration binding upon the conscience of the other party.
 

 Our attention was called by Mr. Strange to a class of cases, in
 
 *203
 
 which it is held, that under a creditor’s bill, or a bill by an executor for a settlement under the direction of the Court, one claiming by bond given without consideration, may prove his debt, and the payment will be enforced. This class of cases confirms our conclusion. At law, one claiming by
 
 specialty,
 
 takes priority and excludes simple contract creditors ; but equity interferes and postpones such a creditor,
 
 although he has a note under seal,
 
 if it was executed without consideration, until all the real creditors are paid. After that, in a distribution of the fund among volunteers, none of whom have paid any consideration, the rule applies.
 
 Prior est in tempore, potior est injure.
 
 Of course, one to whom the deceased has promised
 
 by deed,
 
 to pay a certain sum of money in his lifetime, in the absence of any evidence of a change of purpose, stands on higher ground than one, to whom he directs his executor to pay a certain sum of money after his death
 
 ;
 
 neither has paid a consideration and it is a mere question of distribution.
 

 Per Curiam. Bill dismissed.