ALBERT L. SCOTT v. JUSTINE C. JONES.

Proof of a consideration is not necessary to entitle a plaintiff to recover upon a bond to pay money. The seal imports a consideration. A voluntary bond to pay money is good, even if it be proved that there was no consideration. It is only when a plaintiff is obliged to invoke equity to enforce a bond, that it is required of him to show a consideration.

CIVIL ACTION, upon a bond, tried before McKay, J., at Fall Term, 1875, of CARTERET Superior Court.

The husband of the defendant was indebted to the plaintiff in 1862, in the sum of $2,500, for which he gave his

note. The defendant joined him in giving a mortgage upon certain property, represented as her separate property, to secure the payment of the note. The mortgaged property really belonged to the mother of the defendant.

Prior to the execution bonds, which are the subject of this action, the mother of the defendant died, and the property mortgaged as aforesaid, became the property of the defendant. The husband of the defendant died in 1865. On the 9th of May, 1866, the defendant executed the bond sued on with other bonds amounting to $1,000, and gave a mortgage upon an office situated upon the land of another person in Newbern, to secure the payment of $1,000, in place of the $2,500 bond of her husband. The defendant said at the time of this compromise that she desired to pay what of the debt she could, as the plaintiff had been a good friend to her and her family, furnishing her with money to feed and clothe her children during the war, and receiving the bond sued on for the $2,500 bond secured by the mortgage.

There was much evidence introduced which is not necessary to be stated in order to understand the case as decided.

The counsel for the defendant requested the Court to charge the jury that there was no consideration for the bond, and that if there was no consideration and the defendant was of such weak mind that she did not understand the effect of what she was doing, to-wit: that she was subjecting other property than that embraced in the mortgage to the payment of the debt, she was not bound and the plaintiff could not recover.

The Court refused the instructions as asked, but instructed the jury that there was some evidence of a consideration for them to consider. That if any fraud or undue influence had been resorted to to obtain the notes, the plaintiff was not entitled to recover. That if the notes had been executed under undue influence or fraud, or if the defendant

was insane, or of such weak mind that she did not under-
stand what she was doing, the plaintiff could not recover.

The following are the issues which were submitted to the
jury, and the several responses thereto :

1. Did the defendant execute the note, declared on, made
9th of May, 1866 ?

Answer : Yes.

2. Had the defendant, at the time of the execution of said
note, capacity to make a note ?

Answer : Yes.  But we find that the defendant did not
intend to encumber any property save the office or building
belonging to her husband.

3. Was there any fraud or undue influence exercised in
procuring said note ?

Answer : There was not.

4. Was the defendant a person of weak mind ?

Answer : Yes.

5. Was there any consideration for said note ?

Answer : There was.

The plaintiff had judgment ; whereupon the defendant
moved for a new trial.  The motion was overruled, judg-
ment pronounced, and appeal by defendant.

Green, for the appellant.
Hubbard and Bryan, contra.

Reade, J.  Proof of a consideration is not necessary to
entitle a plaintiff to recover upon a bond to pay money.
The seal imports a consideration.  And, besides, a voluntary
bond to pay money is good, even if it be proved that there
was no consideration.  It is only where a plaintiff is obliged
to invoke equity to enforce a bond, that it is required of him
to show a consideration.

But, if it were necessary for the plaintiff to show a consid-
eration, he has shown it ample.  He held a bond against

the defendant and her deceased husband for $2,500, with a mortgage on land, supposed to be hers, and which, in fact, became hers upon the death of her mother; he surrendered that bond and mortgage to the defendant upon her executing the bond sued on. That was the loss to the plaintiff. The gain to the defendant was that she got clear of the $2,500 and the mortgage on her land, relieved her husband's estate, of which she was entitled to a wife's share, and became the creditor of his estate to the amount of the new bonds which she gave.

There is no error.

PER CURIAM.                          Judgment affirmed.