ROBERT CRUTHIS AND WIFE, LUCY CRUTHIS, HILLERY CRUTHIS AND WIFE, LOIS CRUTHIS, RAYMOND CRUTHIS AND WIFE, BESSIE CRUTHIS, LAURA BREEDLOVE AND HUSBAND, JOHN WILLIAM BREEDLOVE, EDITH F. CREWS AND HUSBAND, HOMER L. CREWS, PETITIONERS, v. LOUISA STEELE AND HUSBAND, JOHN STEELE, WILLIAM MODLIN AND WIFE, NONA MODLIN, LULU HUTCHINSON AND HUSBAND, OSCAR HUTCHINSON, CHARLIE MODLIN AND WIFE, LOIS MODLIN ROSELLA RUSSELL AND HUSBAND, JAMES RUSSELL, CALLIE M. JONES AND HUSBAND, O. M. JONES, RESPONDENTS.

(Filed 14 June 1963.)

**1. Husband and Wife § 4—**

A married woman may contract and deal with her own property in the same manner and with the same effect as if she were unmarried, subject to well established exceptions, one of which is that she may not convey her real estate without the written assent of her husband. G.S. 52-2, G.S. 52-7.

**2. Estoppel § 1—**

A deed having no validity cannot be made the basis of an estoppel.

**3. Same; Husband and Wife § 4—**

The conveyance by a married woman of her separate realty without the assent of her husband will estop her and those claiming under her from attacking the title of her grantee or those in privity with him, provided the deed is supported by a valuable consideration, but if her deed is not supported by a valuable consideration it cannot form the basis of an estoppel, since the rationale of the estoppel is that equity will treat the deed as a contract to convey, and a contract to convey which is not supported by a valuable consideration is void.

**4. Same; Seals—**

The fact that a married woman's deed made without the assent of her husband bears her seal does not make the instrument effective in equity after the husband's death when the deed is to her children by a prior marriage and the sole consideration is love and affection, since equity disregards the form and will go to the substance to ascertain the consideration notwithstanding the presence of a seal, and love and affection of a parent, while sufficient to support an executed deed, will not support a contract to convey.

APPEAL by respondents from *Copeland, S.J.,* November 1962 Civil Term of GUILFORD (Greensboro Division).

*W. H. Steed for respondent appellants.*
*Frazier & Frazier for petitioner appellees.*

MOORE, J. This is a special proceeding for the sale of land for partition.

Sallie B. Modlin Cruthis died intestate survived by the children of two marriages and the heirs at law of a child who predeceased her. She and her first husband, W. G. Modlin, owned as tenants by the entireties a tract of land containing 38.5 acres. W. G. Modlin died, and on 20 August 1902 she married James William Cruthis. On 12 February 1916, during her coverture with Cruthis, she, without the assent and joinder of her said husband, executed and delivered a certain paper writing purporting to be a deed to John Modlin and Callie Modlin, her children by her first husband. The instrument was under seal and purported to convey for "($1.00) Love and Affection" to John and Callie Modlin the 38.5 acre tract of land in fee, subject to grantor's life estate and other limitations not of importance here. The instrument is recorded in deed book 280, at page 225, of the Registry of Guilford County. Five children were born of the second marriage. James William Cruthis died on 13 March 1949, and thereafter Sallie B. Modlin Cruthis died intestate.

Petitioners are the five children (and their spouses) of the second marriage. Respondents are Callie Modlin (Jones) and the heirs at law of John Modlin (and their spouses). The petition alleges that the petitioners and respondents are tenants in common and seized in fee simple of the lands described in the petition, including the 38.5 acre tract, that the paper writing executed by Sallie B. Cruthis in 1916 is void for lack of assent of James William Cruthis thereto. Respondents allege sole ownership of the 38.5 acres in themselves and deny that petitioners have any right, title or interest in or to this tract.

The case was transferred to the civil issues docket for determination of the title issue. The facts, summarized above, are stipulated. The court entered judgment declaring void the purported deed from Sallie B. Cruthis to John and Callie Modlin, and remanding the cause to the clerk for further proceedings.

Respondents (appellants) contend that the deed in question, though executed and delivered without the written assent of the husband, was effective and binding on the parties hereto after the death of the husband on 13 March 1949, for the reason that the grantor did nothing at

any time to disaffirm it and her children by the second husband are in privity and are bound by the deed by estoppel or otherwise.

Subject to well established exceptions, a married woman may contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she was unmarried. One of the exceptions is that she may not convey her real estate except with the written assent of her husband. G.S. 52-2; G.S. 52-7; *Harrell v. Powell*, 251 N.C. 636, 112 S.E. 2d 81.

We have held in a number of cases that where a married woman conveys her real estate without the written assent of her husband, if she survives her husband she may not, after his death, recover the land or defeat the title of her grantee, or those in privity with him, on the ground that the deed was void for lack of assent of her husband at the time of its execution. *Harrell v. Powell, supra; Mills v. Tabor*, 182 N.C. 722, 109 S.E. 850; *Sills v. Bethea*, 178 N.C. 315, 100 S.E. 593.

A deed having no validity cannot be made the basis of an estoppel. *Buford v. Mochy*, 224 N.C. 235, 29 S.E. 2d 729; *Fisher v. Fisher*, 218 N.C. 42, 9 S.E. 2d 493; *Wallin v. Rice*, 170 N.C. 417, 87 S.E. 239; 19 Am. Jur., Estoppel, s. 8, p. 605; 31 C.J.S., Estoppel, s. 43(a), p. 223. But a deed which is invalid in the sense that it is inoperative may nevertheless under some circumstances be held operative as a contract. 19 Am. Jur., Estoppel, s. 8, p. 606; 16 Am. Jur., Deeds, s. 359, p. 645. The rationale of the holdings that the separate deed of the wife, unassented to by the husband, may be binding on her after the death of the husband, the wife surviving, is: The purported deed is a contract to convey, and while the husband is alive the obligation of the contract can be enforced only by an action for damages — the reason being that the court cannot require specific performance because it cannot compel the husband to give his written assent. After the death of the husband the obstacle to specific performance is removed, and equity will declare the contract effective as a deed under the maxim "equity regards as done that which ought to be done." *Sills v. Bethea, supra;* 19 Am. Jur., Equity, s. 456, p. 315.

In all the cases in which the separate conveyances of the wife, unassented to by the husband, have been held to be binding upon the wife after the death of the husband, the contracts (purported conveyances) were supported by valuable consideration. The deed in the instant case recites as consideration "($1.00) Love and Affection." "It is a well-settled rule in equity that a contract will not be enforced if it be not founded on a valuable consideration" *Lamb v. Pigford*, 54 N.C. 196; *Woodall v. Prevatt*, 45 N.C. 199. While "love

and affection" is generally held to be a sufficient consideration to support a conveyance, at least as between the parties, it may not be a sufficient consideration to support a promise. *Exum v. Lynch,* 188 N.C. 392, 125 S.E. 15; *Edwards v. Batts,* 245 N.C. 693, 97 S.E. 2d 101; 12 Am. Jur., Contracts, s. 78, p. 569. "(A) promise founded on what is properly termed a good consideration, as one resting on natural love and affection, is, according to the great weight authority, a gratuitous one and unenforceable." 17 C.J.S., Contracts, s. 91, p. 778. The relationship of parent and child, although a good and sufficient consideration to support an executed deed, does not entitle the child (or those in privity) to compel or direct a conveyance of the parent's lands. *Edwards v. Batts, supra.* "The real consideration to which equity will look, regardless of form, in order to determine whether it will exercise its discretion to decree specific performance is the price promised for the land," *Samonds v. Cloninger,* 189 N.C. 610, 127 S.E. 706.

The writing here bears a seal. At common law a contract executed under seal imports a consideration. *Honey Properties, Inc. v. Gastonia,* 252 N.C. 567, 114 S.E. 2d 344; *McGowan v. Beach,* 242 N.C. 73, 86 S.E. 2d 763. But "in equity it has always been permissible to inquire into the consideration of a sealed instrument." 17 C.J.S., Contracts, s. 72, p. 424. "A Court of Equity addresses itself to the conscience of the parties, and of course pays no respect to forms, and disregards even the solemn act of sealing and delivering, and looks behind all forms to see if there be a consideration binding the conscience of the parties." *Woodall v. Prevatt, supra.* Where equitable relief is sought, the court goes back of the seal and refuses to act unless the seal is supported by consideration. 13 N.C.L. Rev. 1, 77; *Samonds v. Cloninger, supra; Buxley v. Buxton,* 92 N.C. 479; *Scott v. Jones,* 75 N.C. 112.

At the most the paper writing in question here is a contract to convey, unsupported by valuable consideration and therefore unenforceable and of no effect.

The judgment below is

Affirmed.