MARION N. BRITTON AND WIFE, ODESSA R. BRITTON, v. ZETTA K. GABRIEL

No. 68SC87

(Filed 14 August 1968)

1. Reference § 3—  compulsory reference

Trial court did not abuse its discretion in refusing to order a compulsory reference under G.S. 1-189(1) since the record disclosed that there was very slight difference between the contentions of the parties

as to what had been paid pursuant to a contract to build a house, and the defendant having failed to show in what way he was prejudiced by the court's ruling.

**2. Contracts §§ 4, 18— modification of contract — new consideration**

There must be some new consideration for the modification of an executed contract.

**3. Seals— equity may inquire into consideration of contract under seal**

A court of equity can look behind the seal to see if there is valuable consideration to support a contract.

**4. Contracts § 18— modification — new consideration — jury issue**

Trial court did not err in submitting to the jury the issue of whether there was any consideration for an agreement which modified an executed contract to build a house by increasing the purchase price thereof.

APPEAL by defendant from *Johnston, J.,* 6 November 1967 Session, FORSYTH Superior Court.

Plaintiffs and defendant entered into a contract dated 29 December 1952, whereby defendant agreed to build for the plaintiffs a house for the sum of $4,000.00. A down payment of $546.69 was acknowledged in the contract. The balance of the $4,000.00 was to be paid at the rate of $35.00 monthly to cover interest and principal, and to begin upon completion of construction. In addition, plaintiffs were to pay annual taxes and insurance. The contract further provided that in the event of a default all payments would be credited as rent.

On 28 April 1953 the house had been completed and plaintiffs and defendant signed an agreement upon the margin of the original contract agreeing that the total price would be $4,476.08 less the down payment, instead of the $4,000.00 less the down payment as originally agreed. The plaintiffs immediately moved into the house.

On 30 December 1966, plaintiffs instituted this action alleging they had made all payments required under the original contract, except taxes which defendant had been unable to determine for them because the property was listed with other of defendant's property. The plaintiffs seek by this action to obtain specific performance by the defendant of the contract to convey, and seek to have $793.15 in overpayments on the contract credited to any taxes due.

The defendant by her answer alleges that plaintiffs are bound by the contract as amended on 28 April 1953; that they have not made all of the monthly payments of $35.00; that they have not paid insurance and taxes; and that the payments made have been

credited to rent. Defendant seeks possession of the premises from plaintiffs, and other monetary relief.

The jury resolved all issues in favor of the plaintiffs, including recovery of $132.10 in overpayment on the contract.

From the verdict and judgment requiring defendant to convey the property to the plaintiffs, and ordering payment by defendant of $132.10 and costs, the defendant appeals.

*Booker and Sapp, by Robert H. Sapp for plaintiff appellees.*

*Deal, Hutchins and Minor, by Fred S. Hutchins, for defendant appellant.*

BROCK, J.

The defendant brings forward seven assignments of error. The first, third, fifth, sixth and seventh all relate to the refusal of the Court to set aside the verdict and grant a new trial. These assignments of error will not be discussed because they will be disposed of by disposition of the remaining assignments of error.

[1]    The defendant's second assignment of error is to the refusal of the Court to order a compulsory reference. The only grounds that might have existed under G.S. 1-189 for the Court to order a compulsory reference would be that provided under Section 1 relating to the examination of a long account on either side. The record discloses that there is a very slight difference between the contentions of the parties as to what had been paid, and the defendant has failed to show in what way the failure to order a compulsory reference has been prejudicial to the defendant. No abuse of discretion on the part of the judge is disclosed.

[2-4]    Defendant's assignment of error number four is broken into several subsections. These subsections primarily relate to the action of the Court in submitting to the jury the question of whether there was any consideration for the "marginal" amendment in 1953 to the original 1952 contract. There is considerable argument by counsel on each side as to whether or not the amendment is under seal; and there is exception by the defendant to the judge ruling that the amendment was not under seal. In our view, it makes no difference whether the amendment is under seal or not. There must be some new consideration for the modification of an executed contract. 17 Am. Jur. 2d, Contracts, Sec. 469, p. 939. The contract in this case insofar as the construction was concerned, was fully executed at the time of the amendment. A court of equity can look behind the seal

to see if there is valuable consideration to support the contract. *Cruthis v. Steele,* 259 N.C. 701, 131 S.E. 2d 344. Therefore, whether the alleged amendment was under seal or not, it was appropriate for the Court to inquire whether it was supported by a valuable consideration. This issue was submitted to and answered by the jury against the defendant.

The other subsections to defendant's assignment of error number four are difficult to relate to the record because the defendant has given us no assistance along this line. Although there may be technical error in the instructions given by the trial judge, the defendant has failed to point out any prejudice resulting therefrom. Therefore defendant's assignment of error number four is overruled.

In the trial we find no prejudicial error.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.