ALVESTA SPINKS GLOVER, UNMARRIED, JORHETTA ROBINSON EVANS AND HUSBAND, HAYES EVANS, HOWARD GURNEY STRICKLAND, UNMARRIED, HELEN STRICKLAND ROBBINS AND HUSBAND, ROBERT ROBBINS, PETITIONERS v. LONNIE A. SPINKS AND WIFE, ANNIE SPINKS, RESPONDENTS

No. 7119SC602

(Filed 15 September 1971)

1. Rules of Civil Procedure § 38— jury trial — lack of factual controversy

Where there was no controversy as to any of the facts in a partitioning proceeding, a motion for a jury trial was properly denied. G.S. 1A-1, Rule 38.

2. Wills § 64— doctrine of election — applicability

Election is required where a beneficiary under a will has two conflicting claims to a decedent's estate.

3. Wills § 64— election — surviving tenant by the entirety — attempted devise of entirety property

A surviving tenant by the entirety who was not a beneficiary under her husband's will was not required to make an election as to that part of the will which attempted to devise the entirety property to the testator's son.

4. Estoppel § 5; Wills § 4; Husband and Wife § 17— devise of entirety property — wife's signature on husband's will — estoppel

A wife who signed her name at the bottom of her husband's holographic will could not be estopped from challenging her husband's purported devise of entirety property, since the wife's signature constituted a complete nullity.

5. Rules of Civil Procedure § 56; Courts § 9— denial of summary judgment by one judge — consideration of case on the merits by another judge

An order of one judge denying a motion for summary judgment does not prevent another judge from considering the case on its merits and rendering judgment.

APPEAL by Respondents from *Collier, Judge,* 3 May 1971 Session of Superior Court held in RANDOLPH County.

This is a special proceeding instituted by Petitioners to sell land for partition. The petition was subsequently amended to seek actual partition rather than a sale.

The defendant, Lonnie .A. Spinks (Lonnie) pleaded sole seizin and the action was transferred to the civil issue docket of the Superior Court.

The stipulations and admissions reveal this factual situation.

The land involved consists of 66 acres situated in Grant Township, Randolph County, North Carolina. This tract of land was conveyed to A. S. Spinks and wife, Maggie Spinks by deed from Elijah Allred and wife dated 26 September 1896 and recorded in Book 150, Page 22 of the Randolph County Public Registry.

Maggie Spinks was the lawful wife of A. S. Spinks at the time of the conveyance in 1896 and remained such wife until the death of A. S. Spinks in February 1956.

A. S. Spinks left a holographic will which was duly probated as such and which was held by the Court as such. *In re Spinks,* 7 N.C. App. 417, 173 S.E. 2d 1 (1970), *cert. denied,* 276 N.C. 575 (1970).

The will of A. S. Spinks purported to devise to his son, G. R. Spinks, a tract of land containing 89 acres and which included the 66 acres involved in this proceeding.

G. R. Spinks, the devisee in the will of A. S. Spinks, died testate in 1968. The will of G. R. Spinks purported to devise to his son, the Respondent Lonnie, the 89-acre tract of land which A. S. Spinks had purportedly devised to G. R. Spinks.

Maggie Spinks died 14 May 1959 intestate and was survived by the Petitioners and the Respondent, her heirs-at-law.

Maggie Spinks was not a beneficiary under the holographic will of her husband A. S. Spinks. She did not dissent from the will.

In January 1971 Petitioners moved for summary judgment. This motion was denied by Judge Blount 12 February 1971.

On 3 May 1971 Respondent requested a jury trial.

Judge Collier heard the matter without a jury, found facts which were supported by the pleadings and stipulations, and then based upon those findings of fact concluded that Maggie Spinks, as the surviving spouse of A. S. Spinks, was the sole owner of the 66-acre tract of land at the time of her death, and that her heirs, including the Respondent Lonnie, were tenants in common of the 66-acre tract of land.

From the judgment entered by Judge Collier, the Respondent Lonnie appealed.

*Hoyle, Hoyle & Boone by Harry Rockwell and John T. Weigel, Jr., for Petitioner Appellees.*

*Miller, Beck & O'Briant by G. E. Miller and F. Stephen Glass for Respondent Appellants.*

CAMPBELL, Judge.

The Respondent brings forward five assignments of error in his brief which we will discuss in order.

[1]  1. The denial of trial by jury. The demand for jury trial was not made in compliance with Rule 38 of the Rules of Civil Procedure. There was no controversy as to any of the facts and therefore no issue of fact to be determined by a jury. The denial of a jury trial was not error.

2. The Respondent asserts that Maggie Spinks was required to make an election under the will of her husband, A. S. Spinks; and since she made no election, she was bound by his will. Respondent in his brief states:

> "It is undisputed that the deed from Elijah Allred and wife, Nancy Allred, to A. S. Spinks and wife, dated September 26, 1896, created an estate by the entirety."

[2, 3]  The principle of election is not applicable. Maggie Spinks was not a beneficiary under the will of A. S. Spinks. Election is required where a beneficiary under a will has two conflicting claims to a decedent's estate. *Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584 (1945). Not only must the person required to make an election to be a beneficiary under the will, but the intent of the testator to require such an election must clearly appear from the will. *Burch v. Sutton,* 266 N.C. 333,

145 S.E. 2d 849 (1966). In *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29 (1946), it is stated:

> "We should also say that as a matter of course there is no election implied or is indeed possible when the person whose right is adversely dealt with in the will receives from the testator no alternative benefit thereunder in lieu of that taken away. . . . "

Maggie Spinks was not deprived of any interest she had in the 66-acre tract of land by reason of her husband, A. S. Spinks, attempting to devise it. *Randolph v. Edwards,* 191 N.C. 334, 132 S.E. 17 (1926). The trial judge was correct in his holding.

[4]  3. Respondent asserts that the doctrine of estoppel should apply and that Maggie Spinks, having signed at the bottom of A. S. Spinks' holographic will, would be estopped to assert that the will of A. S. Spinks did not devise the 66-acre tract of land and that accordingly Petitioners, as some of the heirs of Maggie Spinks, would likewise be estopped. The signature of Maggie Spinks at the bottom of her husband's holographic will, constituted a complete nullity. A paper having no validity cannot be made the basis of an estoppel. *Cruthis v. Steele,* 259 N.C. 701, 131 S.E. 2d 344 (1963).

4. The Respondent asserts that the plea of sole *seizin* is valid. The Respondent bases this assertion upon the doctrine of election or because of an estoppel. Both of these points have already been covered, and it would be vain to do so again.

[5]  5. The final point raised by the Respondent is that Judge Blount, in denying the motion of Petitioners for summary judgment, had decided the case and that it was error for Judge Collier to overrule Judge Blount. The order of Judge Blount denying the motion for summary judgment was based upon the pleadings and was not determinative of the case on its merits. Judge Collier, on the other hand, considered the case on its merits and made findings of fact which were supported by the pleadings and stipulations of the parties and the uncontroverted evidence. The findings of fact of Judge Collier supported the conclusions of law, and the judgment entered by Judge Collier is

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.