TOWN OF KENANSVILLE v. RONALD C. SUMMERLIN

No. 834DC1023

(Filed 2 October 1984)

1. **Municipal Corporations § 30.5— zoning ordinance—failure of city to follow procedures—landowner not entitled to permit**

    The fact that plaintiff did not follow the procedures established in its zoning ordinances in handling defendant's case did not *ipso facto* invalidate plaintiff's legislative determination as to proper density and entitle defendant to a permit for the construction of a second building on his property.

2. **Municipal Corporations § 30.15— zoning ordinance—no discriminatory application**

    There was no merit to defendant's contention that other landowners had two non-accessory buildings on their lots and that accordingly plaintiff was practicing unfair discrimination by denying him a building permit for a second building on his lot, since defendant's offer of proof showed basically that various accessory buildings existed or were built on other property, but in only one case was a second building constructed on a single lot after enactment of the ordinance, and defendant failed to show that no variance had issued.

3. **Administrative Law § 2— zoning—variance—failure to exhaust administrative remedies**

    Defendant's eligibility for a zoning variance was not before the court on appeal where defendant had failed to exhaust his administrative remedies.

4. **Jury § 1— issue of law—no right to jury trial**

    Where the only issue properly before the court was an issue of law as to whether defendant was in violation of plaintiff's zoning ordinance, defendant was not entitled to a jury trial.

APPEAL by defendant from *Martin, James N., Judge.* Judgment entered 15 June 1983 in Superior Court, DUPLIN County. Heard in the Court of Appeals 7 June 1984.

*Bruce H. Robinson, Jr., for defendant appellant.*

*William E. Craft, for plaintiff appellee.*

JOHNSON, Judge.

Defendant attempted to build a second structure on his property within the zoning jurisdiction of the Town of Kenansville (hereinafter "the Town"); the Town's zoning ordinance restricts development on each lot to one building plus customary accessory

buildings. The Town's zoning inspector accordingly denied defendant a building permit; he presented his case to the Town Board, which passed a resolution asking defendant to stop construction until he could obtain a permit, but threatened legal action if he continued to build. Defendant continued construction, and the Town obtained a restraining order. The Town then sought, and obtained, an order finding defendant in contempt of court. Defendant filed an answer claiming that the permit was wrongfully denied, and asking for a writ of mandamus. Following a hearing, the court found defendant in violation of the Town's zoning ordinances for building without a permit, and ordered him to comply. From this order defendant appeals.

I

[1]   Each side argues that the other has not followed proper procedure: defendant claims that the Town did not follow its own procedures, denying him due process; the Town argues that defendant did not properly file an appeal from the initial decision to deny the permit. The proceedings below, unsurprisingly, reflect the informal conduct of business characteristic of the small towns of this State.

The Town does possess substantial authority to establish zoning procedures and to provide for the resolution of zoning disputes. G.S. 160A-381 (grant of power); G.S. 160A-384 (general zoning procedure); G.S. 160A-388 (board of adjustment). Having exercised this authority by enacting a zoning ordinance, the Town must follow the procedures it has set therein. *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974). If such procedures are inconvenient, the Town should change them, not ignore them. In particular, the Town has failed to follow the ordinance's mandates to appoint a board of adjustment or to file the decision of the Town Board (apparently acting as the board of adjustment). Under the circumstances, it would be inequitable to dismiss this appeal, as the Town urges, because defendant failed to file a written notice of appeal to a non-existent board of adjustment.

II

On the other hand, defendant has not advanced any evidence to support his contention that he is therefore entitled to a

building permit. The uncontradicted evidence for the Town showed that defendant attempted to erect a second non-accessory structure on the same lot, in defiance of the terms of the ordinance. Defendant does not argue before this Court that the ordinance is impermissibly vague, nor does our reading of it appear to justify such a conclusion. *See Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E. 2d 352 (1971) (general test). Defendant offers no evidence showing that he was misled in any way by the ordinance. *Id.* The fact that the Town failed to follow its ordained procedures for handling defendant's case does not *ipso facto* invalidate the Town's legislative determination as to proper density and entitle defendant to a permit. *See Craver v. Board of Adjustment*, 267 N.C. 40, 147 S.E. 2d 599 (1966) (procedural infirmity not automatically prejudicial).

## III

[2] Defendant's evidence, rather than tending to show entitlement to a permit, tended instead to show that other landowners in the Town had two non-accessory buildings on their lots and that accordingly the Town was practicing unfair discrimination by denying him a building permit. Defendant's offer of proof showed basically that various accessory buildings existed or were built on other property. In only one case was a second building, which may or may not have been an accessory building, constructed on a single lot after enactment of the ordinance, and in that case defendant failed to show that no variance had been issued. No pattern of administrative discrimination sufficient to overcome the presumption of good faith appears. *See Kresge Co. v. Davis*, 277 N.C. 654, 178 S.E. 2d 382 (1974) (burden on complainant to overcome presumption). On this record, defendant is not entitled to a permit.

## IV

[3] The record reflects that defendant has insisted throughout on his *present* entitlement to a permit. Assuming, *arguendo*, that this appeal indicates an intent to seek a variance, we conclude that defendant has failed to exhaust his administrative remedies. He has never applied for a variance, and nothing in the record suggests that his appearance before the Town Board should be so construed. It is well established that when the legislature has created an effective administrative remedy, it is exclusive and the

matter does not become ripe for review until the statutory remedy has been exhausted. *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979). The present case illustrates the soundness of this rule, as the record contains little if any concrete evidence suggesting that a variance should or should not be granted. The record reflects that the Town remains willing to grant the permit if defendant will only make proper application; accordingly, we decline to hold that exhaustion of administrative remedies would be a "patently useless step" and thus unnecessary. *See Town of Hillsborough v. Smith*, 4 N.C. App. 316, 167 S.E. 2d 51, *reversed on other grounds*, 276 N.C. 48, 170 S.E. 2d 904 (1969). Defendant's eligibility *vel non* for a variance is accordingly not before us.

V

[4] Defendant assigns error to the court's refusal to grant him a jury trial. The only issue properly before the court was an issue of law: Was defendant in violation of the Town zoning ordinance? The facts relevant to this question were not disputed; the only questions before the court were questions of law. No error occurred. *Glover v. Spinks*, 12 N.C. App. 380, 183 S.E. 2d 262 (1971).

VI

The right to virtually unrestricted use of one's land enjoyed by our forebears no longer exists. To own real property in this day, particularly within the limits of a city or town, is necessarily to accept the likelihood of some legal restrictions, as our courts have long recognized. *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Here, defendant has doggedly insisted on his right to build, and continued to build, in the face of court order and despite adequate, if untested, administrative remedy. He has never applied for a variance or reapplied for a permit. The court ruled correctly on the narrow question before it; the other questions brought forward are not presently reviewable. The judgment is therefore

Affirmed.

Judges WEBB and PHILLIPS concur.