IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-916

Filed: 16 July 2019

Stanly County, No. 17 CVS 609

STATE OF NORTH CAROLINA, ON RELATION OF CITY OF ALBEMARLE, Plaintiff,

v.

CHUCKY L. NANCE, JENNIFER R. NANCE, CHARLENE SMITH, manager, NANCY DRY, JAMES A. PHILLIPS, Trustee, FIRST BANK, Lender, and KIRSTEN FOYLES, Trustee, Defendants.

Appeal by plaintiff from order entered 30 October 2017 by Judge Lori Hamilton and orders entered 11 May 2018 and 29 May 2018 by Judge Julia L. Gullett in Stanly County Superior Court. Heard in the Court of Appeals 5 June 2019.

*Cranfill Sumner & Hartzog LLP, by Carl Newman and Janelle Lyons, for plaintiff-appellant.*

*Bowling Law Firm, PLLC, by Kirk L. Bowling and Mark T. Lowder, for defendant-appellees Chucky L. Nance and Jennifer R. Nance.*

*John W. Webster for defendant-appellee Charlene Smith.*

TYSON, Judge.

The City of Albemarle (the "City") appeals from orders of the trial court, which allowed Defendants' motions to compel discovery and granted Chucky L. Nance's, Jennifer R. Nance's ("the Nances"), and Charlene Smith's ("Smith") motions to dismiss. We affirm.

I. Background

The Nances have owned the subject property in Albemarle since 2012. A business known as the "Heart of Albemarle Hotel" operated on the property until April 2017. From January 2014 through April 2017, three years and four months, Albemarle police officers allegedly visited the areas near the subject property seventy-nine times in response to complaints of criminal activity, including assaults, sales of narcotics, and solicitation of prostitution.

On 24 March 2017, Albemarle's Chief of Police R.D. Bowen sent letters to the Nances, Kirsten Foyles, Nancy Dry, and James A. Phillips, Jr., giving notice to the parties, asserting the subject property was being used illegally under the nuisance statute, and demanding the nuisance be abated within 45 days. No notice letter was sent to Defendant Smith.

The City's purported outside counsel filed a complaint against the Nances, Smith, First Bank, Foyles, Dry, and Phillips on 4 August 2017, four months after the hotel had closed and all activities had ceased. The City alleged the Nances' use of real property constitutes a public nuisance pursuant to N.C. Gen. Stat. §§ 19-1 and 19-2. The City also alleged Smith was employed as a manager of the subject hotel but "Nance has fired Charlene Smith as the manager of the Property, but has placed her at [another hotel owned by the Nances] as the acting manager, overseeing day-to-day operations."

The Nances responded they had complied with the City's notice letter, fired Smith, evicted all patrons and tenants of the subject property, closed the hotel by 21 April 2017 and filed their answer. The Nances alleged they had notified City Manager Michael Ferris that all patrons and tenants had been evicted in April 2017 and the property was and has remained closed since that time.

Smith filed her answer and alleged she had "vacated the subject property on or about April 20, 2017 at the request of Defendant Chucky Nance when the business thereon ceased operation."

Foyles and First Bank filed a motion to dismiss, which was granted by the trial court in an order filed 13 November 2017. The City voluntarily dismissed the claims against Dry and Phillips, with prejudice, on 26 October 2017. None of those orders, actions, or dismissed parties are before us on appeal and judgments thereon are final.

Smith moved to dismiss the City's claims against her pursuant to N.C. R. Civ. P. 12(b)(6) as part of her answer. Smith argued, in part, that the City's complaint was insufficient, where it alleged she had been employed by the Nances and no allegation of her ownership existed to make her a real party in interest. The trial court heard and granted Smith's motion to dismiss with prejudice.

The Nances also filed a motion to dismiss the City's claims for lack of subject matter jurisdiction. The trial court heard the Nances' motion to dismiss, wherein they argued N.C. Gen. Stat. § 160A-12 required the city council to have passed a

resolution authorizing the filing of the complaint. *See* N.C. Gen. Stat. § 160A-12 (2017). The City conceded, and the trial court found as fact, that no such resolution had been presented to, heard, or adopted by the council.

The trial court entered an order granting the Nances' motion to dismiss, which states, in relevant part:

> 1. N.C. General Statutes 19-2.1 grants authority to "the Attorney General, district attorney, county, municipality, or any private citizen of the county" to bring a civil action in the name of the State of North Carolina to abate a nuisance. This section specifies how a case must proceed.
>
> 2. N.C. General Statutes 160A-11 sets out and describes the corporate powers of cities and towns as follows:
>
> The inhabitants of each city heretofore or hereafter incorporated by act of the General Assembly or by the Municipal Board of Control shall be and remain *a municipal corporation* by the name specified in the city charter. Under that name they shall be vested with all of the property and rights in property belonging to the corporation; shall have perpetual succession; *may sue and be sued*; may contract and be contracted with; may acquire and hold any property, real and personal, devised, sold, or in any manner conveyed, dedicated to, or otherwise acquired by them, and from time to time may hold, invest, sell, or dispose of the same; may have a common seal and alter and renew the same at will; and *shall have and may exercise in conformity with the city charter and the general laws of this State all municipal powers*, functions, rights, privileges, and immunities of every name and nature whatsoever.
>
> 3. N.C. General Statutes 160A-12 specifies how the powers of municipalities are to be carried into action:

> *All powers*, functions, rights, privileges, and immunities of the corporation *shall be exercised by the city council* and carried into execution as provided by the charter or the general law. A *power*, function, right, privilege, or immunity that is conferred or imposed by charter or general law without directions or restrictions as to how it is to be *exercised or performed shall be carried* into execution *as provided by ordinance or resolution of the city council.*
>
> 4. Plaintiff, through Plaintiff's counsel, has been candid that no vote was taken by the Albemarle City Council that would authorize the filing of the lawsuit against these defendants and that *the City Council assumed this would be a law enforcement function.*
>
> 5. As a result, this Court cannot find that the City has vested subject matter jurisdiction with this Court, and pursuant to statute the Court has no other alternative than to dismiss this action. (Emphasis supplied)

The City timely appealed from the trial court's order granting the Nances' and Smith's respective motions to dismiss.

## II. Jurisdiction

An appeal of right lies to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2017).

## III. Standard of Review

All issues in this appeal are reviewed *de novo.* "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C.*

*Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 457 N.C. 567, 597 S.E.2d 673 (2003).

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted). "Issues of statutory construction are questions of law, reviewed *de novo* on appeal." *Id.* (citation omitted).

IV. <u>Analysis</u>

*A. Dismissal of Appeal of Motion to Compel*

The City gave notice that it was appealing the order granting the Nances' motion to compel entered 30 October 2017. "The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned." N.C. R. App. P. 28(a). Where a party "does not set forth any legal argument or citation to authority to support [the] contention, [it is] deemed abandoned." *State v. Evans*, __ N.C. App. __, __, 795 S.E.2d 444, 455 (2017). This issue was not addressed in the City's appellate brief and it has abandoned this issue. The trial court's order entered 30 October 2017 is final.

*B. Smith's Motion to Dismiss*

Upon appellate review of the trial court's dismissal under Rule 12(b)(6) for failure to state a claim:

> [W]e determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a

> claim upon which relief may be granted under some legal
> theory. In ruling upon such a motion, the complaint is to be
> liberally construed. Dismissal is warranted if an
> examination of the complaint reveals that no law supports
> the claim, or that sufficient facts to make a good claim are
> absent, or that facts are disclosed which necessarily defeat
> the claim.

*State Emps. Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer*, 364 N.C. 205, 210,

695 S.E.2d 91, 95 (2010) (citations omitted).

To determine whether the City asserted a claim upon which relief can be

granted, we review the original complaint in the light most favorable to the non-

moving party. All allegations therein are taken as true. *Id.*

The complaint alleges Smith "oversaw the day-to-day operations at the Heart

of Albemarle" and that Smith was "fired . . . as the manager," but was placed at

another hotel as acting manager. No other hotel of the Nances is a part of or a party

to this litigation.

Smith's employment or tenancy at the Heart of Albemarle Hotel was allegedly

terminated by 20 April 2017, and she was ordered to and did vacate the premises

entirely. The City waited until 4 August 2017 to file the complaint.

N.C. Gen. Stat. § 19-1(a) provides that "[t]he erection, establishment,

continuance, maintenance, use, ownership or leasing of any building or place for the

purpose of assignation, prostitution, gambling, illegal possession or sale of alcoholic

beverages, illegal possession or sale of controlled substances . . . shall constitute a

nuisance." N.C. Gen. Stat. § 19-1(a) (2017). At the time the City brought the claim,

Smith's employment or tenancy had already been terminated and all activities and tenancies at the Heart of Albemarle Hotel had ceased.

The City argues the statute provides that "[t]he abatement of a nuisance does not prejudice the right of any person to recover damages from its past existence." N.C. Gen. Stat. § 19-1.5 (2017). This assertion is irrelevant, as the City did not serve Smith with any notice of the alleged public nuisance and does not request damages against Smith in the complaint. In its complaint, the City prayed that "Defendants Chucky L. Nance, Jennifer Nance, Charlene Smith and their agents" no longer be allowed to operate or maintain a public nuisance on the property or within the state of North Carolina. Smith was no longer employed by nor a tenant or leasee of the Nances, was not present at the hotel, and was a private citizen when Plaintiff brought its claim.

Smith cannot possibly provide any relief that Plaintiff sought. We affirm the trial court's order to dismiss the complaint against Smith under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's arguments are overruled.

*C. Subject Matter Jurisdiction*

The City asserts the trial court erred in granting the Nances' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The Nances contend the trial court properly found and concluded the City lacked standing to initiate the legal action. They argue the City did not invoke the trial court's subject

matter jurisdiction, because the city council did not hold a vote and resolve to commence legal proceedings. We agree.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (2017). The party bringing the action has the burden of proving standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 119 L. Ed. 2d 351, 364 (1992); *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002).

The elements of standing are "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561, 119 L. Ed. 2d at 364 . Questions of standing are properly addressed in Rule 12(b)(1) motions to dismiss. *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

"Standing refers to 'a party's right to have a court decide the merits of a dispute.' To have standing to bring a claim, one must be a 'real party in interest,' which typically means the person or entity against whom the actions complained of were taken." *WLAE, LLC v. Edwards*, __ N.C. App. __, __, 809 S.E.2d 176, 181 (2017) (citations omitted).

"If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Woodring v. Swieter*, 180 N.C. App. 362, 366, 637 S.E.2d 269, 274 (2006) (quoting *Coker v. DaimlerChrysler Corp.,* 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005) (internal quotation marks omitted)).

"Wherever a nuisance is kept, maintained, or exists, as defined in this Article, the *Attorney General, district attorney, county, municipality, or any private citizen of the county* may maintain a civil action in the name of the State of North Carolina to abate a nuisance." N.C. Gen. Stat. § 19-2.1 (2017) (emphasis supplied).

Cities may exercise the powers delegated to them by the General Assembly issuing a city charter and are operated as municipal corporations. N.C. Gen. Stat. §§ 160A-11, 160A-12 (2017). As municipal corporations, cities are required to exercise these powers as are delegated and provided in statutes by ordinance or resolution of the city council. *Id.*

Albemarle's adopted ordinances set out the duty of the city attorney to "prosecute and defend suits against the City." The ordinances also provide that the "*Council may employ other legal counsel* from time to time, in addition to the City Attorney, as may be necessary to handle adequately the legal affairs of the City." City of Albemarle, N.C., Code of Ordinances, Art. IV, § 4.3 (emphasis supplied).

The City contends it has standing because it was damaged through the repeated visits of police officers to the Heart of Albemarle Hotel. The City asserts

"public nuisance actions are *qui tam* actions, whereby essentially anyone can file suit to end the nuisance." The City also asserts the fact that it retained an attorney to file the suit is sufficient to show that the suit was filed by an agent of the City, as verified by the chief of police, which meets the requirements of N.C. Gen. Stat. § 19-2.1.

The City additionally asserts the exercise of municipal powers must be performed consistent with the city charter, and since the charter allows the city council to hire other legal counsel "as may be necessary to handle adequately the legal affairs of the City," its hiring outside counsel to file the suit was in compliance with the ordinance, and meets the requirements of N.C. Gen. Stat §§ 19-2.1, 160A-11, 160A-12.

The Nances do not contest the statutes and the City's charter allow the City to file and maintain a civil action for a public nuisance. They argue the city council did not vote and resolve to exercise its authority in this action. Without the city council's ordinance or resolution, the Nances argue the City has produced no evidence to show that the formal process to file suit was initiated, approved, or resolved by the city council. We agree.

It is undisputed, and the trial court found, that no notice, meeting, minutes, or vote of the city council was resolved, given, or taken to initiate a public nuisance action against the Nances. The City's private counsel asserted before the trial court that the city council had "discussed the case" and "assumed" the proper action would

be taken by the State Bureau of Investigation ["SBI"] and chief of police "to let them follow through with whatever they thought was best to do," and to maintain it as a criminal proceeding, as it is common practice in other cities and counties to "just file[] a Chapter 19."

The notice letter seeking to abate the alleged public nuisance did not come from one of the entities or public individuals on N.C. Gen. Stat. § 19-2.1's enumerated list of those empowered or authorized to bring and maintain a public nuisance abatement action: "the Attorney General, district attorney, county, municipality, or any private citizen of the county."

The City's police chief signed the notice letter. Contrary to the council's assumption, neither the SBI nor the chief of police is included in this list to initiate a civil public nuisance action. Further, nothing in the record indicates the letter was drafted by any party that could have maintained such an action. Even if Chief Bowen had been acting as a private citizen of the county, no evidence in the record shows a bond being posted, as is required when a private citizen initiates the action. N.C. Gen. Stat § 19-2.1.

The civil action was not properly initiated by the city council. It was discussed by the council and letter notice was initiated by the chief of police, without any reference to being drafted by or on behalf of the city attorney or outside counsel for the City. Albemarle's ordinances require that either the city attorney or outside

counsel selected by the council prosecute this action. In order to bring suit through outside counsel, the city council must adopt a resolution. City of Albemarle, N.C., Code of Ordinances, Art. IV, § 4.3; N.C. Gen. Stat. § 160A-12. The city council was on notice of this requirement, yet no evidence of compliance has been produced. The city attorney's signature or joinder to this action after it was initiated does not appear on any of the pleadings or documents.

While the City's outside counsel asserted at oral argument that both he and previous trial counsel were hired pursuant to a resolution of the city council, no evidence of this authority exists in the record. Without such evidence, the council's discussion, assumptions, and common practice do not convey nor carry their burden to prove standing. *Neuse River Found. Inc.,* 155 N.C. App. at 113, 574 S.E.2d at 51.

"The [city council] never attempted to obtain nor received the required . . . vote prior to filing this [civil] action. Without the required vote, the [council] lacked the authority to commence legal proceedings against [the Nances] and does not possess standing." *Peninsula Prop. Owners Ass'n, Inc. v. Crescent Res., LLC*, 171 N.C. App. 89, 97, 614 S.E.2d 351, 356 (2005).

Albemarle's ordinances define the proper party to initiate an action for the city. "[B]y enacting [such an] ordinance, the [council] must follow the procedures it has set therein. If such procedures are inconvenient, the [council] should change them, not

ignore them." *Town of Kenansville v. Summerlin*, 70 N.C. App. 601, 602, 320 S.E.2d 428, 430 (1984) (citation omitted).

The City must follow the requirements of the statutes and charter, and the ordinances and procedures it established. Here, it has failed to do so. *Id.* The City's arguments are overruled. The trial court's order is affirmed.

## V. Conclusion

The City failed to argue or present any authority concerning its appeal of the order granting of the Nance's motion to compel discovery. Where a party "does not set forth any legal argument or citation to authority to support [the] contention [it is] deemed abandoned." *Evans*, __ N.C. App. at __, 795 S.E.2d at 445. This issue was not addressed in the City's brief and is abandoned. N.C. R. App. P. 28(a).

The City fails to state a claim upon which relief can be granted against Smith. N.C. R. Civ. P. 12(b)(6). Smith never received notice of any violations or to abate any nuisance. At the time the complaint was made, Smith was no longer employed by the Nances nor was a tenant of the Heart of Albemarle Hotel property. The City failed to demand any relief that could be granted after Smith no longer worked at or occupied the hotel property.

The City failed to properly initiate a public nuisance action against the Nances. The City failed to follow the requirements of the statutes and ordinances in effect or to provide evidence of outside counsel's authority to file suit on its behalf. *Town of*

*Kenansville,* 70 N.C. App. at 602, 320 S.E.2d at 430. The trial court properly concluded it lacked subject matter jurisdiction to address the City's claims against the Nances. *Peninsula,* 171 N.C. App. at 97, 614 S.E.2d at 356.

The trial court's orders compelling discovery and dismissing the City's claims are affirmed. *It is so ordered.*

AFFIRMED.

Judges INMAN and YOUNG concur.